No. 29,007.

JAMES G. LONG, *Appellant,* v. J. B. WATTS, *Appellee.*

(283 Pac. 654.)

Opinion filed January 11, 1930.

*Clyde L. Short,* of Concordia, and *F. W. Bartos,* of Wilber, Neb., for the appellant.

*C. L. Hunt* and *F. C. Baldwin,* both of Concordia, *E. S. McAnany, M. L. Alden* and *T. M. Van Cleave,* all of Kansas City, for the appellee; *J. T. Cochran,* of Kansas City, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.:   This action is based on a demand for compensation under the workmen's compensation law, and the questions presented on this appeal arise on a ruling sustaining the demurrer to plaintiff's petition. The petition states that both employee, James G. Long, and employer, J. B. Watts, were operating under and subject to the provisions of the workmen's compensation law; that J. B. Watts, doing business under the trade name of J. B. Watts Construction Company, was engaged in the business of paving streets, and at the time of the injury to plaintiff was doing paving work in the city of Hiawatha; that on December 16, 1925, the plaintiff was then employed by defendant, and while moving a part of the paving outfit, upon a car, the plaintiff was thrown upon a heavy

timber, striking on his back, thereby injuring his hip; that thereafter he endeavored to carry on his work, but did so in great pain; that on the next day after the injury he consulted the regular physician of the defendant, who after an examination announced that the pain suffered was due to rheumatism; that he was confined to his bed until January 18, 1926, when the defendant's physician advised him to return to work. That although suffering great pain he attempted to return to work, believing that his condition was due to rheumatism as stated by the defendant's physician and not to the accident mentioned, but on February 4, 1926, his condition was such that he was compelled to quit work and at that time went to his home in Wymore, Neb., and to his bed under the care of a physician of that place. That about April 8, 1926, an examination was made by a number of physicians who, after an X-ray picture of his hip was taken, definitely determined that his hip bone was injured through his fall on December 16, 1925, and that immediately after this disclosure plaintiff made oral demand for compensation for his injury. He further alleged that on May 7, 1926, J. B. Watts met plaintiff and stated to him that he had learned of plaintiff's condition and that he, Watts, would see that plaintiff received some compensation for his injury, and at the request of the defendant the plaintiff filled out papers relating to the compensation, and that by reason of the facts alleged the defendant waived the making of a claim for compensation within the statutory time.

The contention here, and the one upon which the trial court sustained a demurrer to plaintiff's petition, is that the plaintiff had failed to demand compensation within three months after the injury, and this, it is contended, is a complete bar to any recovery. The averments of the petition disclose that no demand for compensation was made within the three-months period prescribed by the statute. The only exception to this limitation is incapacity to make a demand, and it is provided that the failure to make it within the period is a bar to a recovery of compensation. (R. S. 44-520.) It may be noted that plaintiff does not plead that he did not have capacity to make the demand. He does allege that he had been informed by a physician that the pain he suffered was due to rheumatism and that he was led to believe that his ailment was not due to the injury sustained while he was at work for his employer. But the statute does not provide that ignorance of that fact excuses the failure to make the demand and the court cannot add to the pro-

visions of the statute. Evidently the thought of the legislature was that three months was sufficient time in which a claimant for compensation could ascertain the cause of his condition and whether he was entitled to compensation. It may have concluded that it would be dangerous to allow damages for compensation after that time and when the good faith of the claimant and the validity of the claim could not well be tested by the employer. Compensation rests alone on the statute and is only payable when there has been compliance with its provisions. It was competent for the legislature to prescribe the limitations on which compensation should be paid and those limitations cannot be overlooked or nullified by the courts. More liberal provisions, it appears, were made as to the matter of notice of an injury, but as to the demand the language used is imperative with the exception mentioned. A case in point is *Smith v. Process Co.*, 100 Kan. 40, 163 Pac. 645, where a particle of steel or rust entered the eye of a workman which was at once removed, and as he did not think he was seriously injured no demand for compensation was made for about six months after the accident, nor was notice of the injury given within the prescribed time. In considering the question of notice of injury and the exceptions of the statute, it was said:

"The lack of notice or a defect in it or in its service does not bar a recovery unless prejudice results to the employer, nor where the want or defect was caused by mistake, incapacity or other reasonable cause." (p. 42.)

As to the demand it was said:

"However, no such exceptions are made as to the demand for compensation. Instead of providing that the nonobservance of the requirement to claim compensation within the fixed period would be excused if there was reasonable cause for the failure and if there was no prejudice to the employer, it specifically declares that the failure shall constitute a bar. It is not easy to find the reason which actuated the legislature in making the distinction that was made between notices of injury and claims for compensation, but the language employed is plain and mandatory that the failure shall operate as a bar to a recovery. The statute is entitled to and has been given a liberal interpretation by the court. It has been decided that the claim need not be in writing nor in any particular form. Any statement, oral or written, made within the statutory time by the injured employee which informs the employer that he is claiming compensation is enough. (*Gailey v. Manufacturing Co.*, 98 Kan. 53, 157 Pac. 431; *Knoll v. City of Salina*, 98 Kan. 428, 157 Pac. 1167.) The statute is not open to any reasonable interpretation that would warrant the court in holding that a recovery may be had where a claim is not made within the period fixed in the act." (p. 42.)

In the later case of *Rogers v. Railway Co.*, 115 Kan. 815, 225 Pac. 108, it was said:

"But there is one imperative prerequisite to recovery imposed by the statute and which has not been refined away by judicial interpretation—a claim for compensation must be made within three months after the accident; and no such demand was made based either on the accident on November 20 or the secondary accident of December 16." (Citing a number of authorities.) (p. 818.)

Plaintiff alleges and insists that defendant waived the failure to make a demand. In effect he alleged that on May 7, 1926, Watts met him and said to plaintiff that he had been advised of plaintiff's condition and that he would see that he received some compensation on account of his injury, and plaintiff, at the request of defendant, filled out some papers in regard to his injury. This conversation occurred, it appears, almost five months after the accident and long after the bar of the statute had fallen. There was then no obligation on the defendant and no liability for compensation, and hence no basis for a waiver. If the statement of defendant were treated as a new promise there was no consideration for it. The legislature has made no provision for a waiver of demand, but on the contrary has declared that if it is not made within the limited time a recovery of compensation is barred.

We conclude that the petition of plaintiff did not state grounds for recovery and that the ruling of the court sustaining the defendant's demurrer thereto must be affirmed. It is so ordered.

JOCHEMS, J., not participating.