No. 29,297.

In re Appeal of J. G. MURPHY, *Appellant*, v. THE W. O. COOK CONSTRUCTION COMPANY and THE CONTINENTAL CASUALTY COMPANY, *Appellees*.

(285 Pac. 604.)

Opinion filed March 8, 1930.

*J. M. Stark*, of Topeka, for the appellant.

*Irwin Snattinger, Hugh T. Fisher* and *E. B. Smith*, all of Topeka, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This appeal presents a question of law under the workmen's compensation act.

On January 19, 1929, the appellant, J. C. Murphy, was employed as a laborer about a cement mixer operated by the W. O. Cook Construction Company in Topeka. A gust of wind blew some cement into his eyes which ruined the sight of the right eye within a few hours. Murphy was taken to the hospital, where the eye was removed. On February 23, 1929, Murphy filed with the compensation commission his application for compensation. The facts of his employment, his injury, his average current wages, and other per-

tinent details were amicably stipulated by Murphy and his employer and by the insurance carrier. One paragraph of the stipulation recited:

"1. That J. C. Murphy while employed by W. O. Cook Construction Co. at Topeka, Kansas, on January 19, 1929, while dumping cement into a cement mixer throughout the day above mentioned got some of the cement in his right eye, by either having the cement dust blown into the eye or from a splash of the cement and otherwise injuring the eye of the claimant."

On February 25, 1929, an award of compensation was made by the commission in conformity with the statutory schedule for specific injuries, calculated thus:

Sixty per cent of Murphy's average weekly wages, or $11.52 per week for 110 weeks, total $1,130.48.

A further award of hospital charges, $33.40, and for the doctor's bill was made in favor of Murphy and against his employer and the insurance carrier.

On May 25, 1929, Murphy filed with the commission an application for compensation in which he reiterated the facts touching his accident and injury on January 19, 1929, but adding that some of the cement had been blown into both his eyes; that he lost the sight of his right eye and that it was removed and a glass eye inserted in its stead; and that afterwards, on March 4, 1929, the doctor employed by the defendant insurance carrier notified him that he was ready to resume his employment and that his left eye would be strong and that he would be able to perform the ordinary duties of a laboring man, and that he, Murphy, relied thereon—

"But applicant states that his left eye was not at said time in such condition as to permit him to perform the duties of a. laborer, and that since said time his said left eye has been growing constantly worse as a result of said injuries, and that at this time this applicant is and has ever since said injuries been wholly unable to work, and has lost employment on account of not being able to see to work. That his left eye is so reduced in power as to render him unable to see sufficiently to get around without difficulty, and he will never again be able to see therewith sufficiently to do the work of a laboring man. That he is therefore entitled, in addition to the compensation which he has received, to an additional sum equal to that allowed for total disability under the statute of Kansas."

On May 27, 1929, the commission disposed of the foregoing application thus:

"Now on this 27th day of May, 1929, application having been filed herein to determine compensation with reference to an accidental injury met with on January 19, 1929;

"And whereas, on February 25, 1929, findings of fact were made with reference to said accidental injury, and there was a determination as to compensation and award was made based upon the facts as found, said award having been made by John H. Crawford, the then commissioner of workmen's compensation, and filed February 25, 1929,

"Now, therefore, the commissioner does on his own motion deny the application made herein."

Appellant gave notice of appeal to the district court, and certified copies of the pertinent files of the compensation commission were filed therewith.

On June 10, 1929, Murphy filed a motion that the court determine certain questions of law; and on June 22, 1929, the defendants moved to dismiss for lack of jurisdiction. On September 14, 1929, the latter motion was sustained, the cause dismissed.

Hence this appeal.

The propriety of the judgment of the district court will readily be seen by noting that the accident and injury occurred on January 19, 1929; and the present application for compensation for whatever the appellant may choose to call it—total disability, loss of the left eye, or whatnot—was made on May 25, 1929. This was four months and six days after the accident. The statute is explicit that proceedings for compensation shall not be maintainable unless a claim for compensation has been made within three months after the accident. (R. S. 44-520; *Long v. Watts*, 129 Kan. 489, 283 Pac. 654.) It is true, of course, that the statute contemplates the possibility that where a claim has been timely made and an award made thereon, such an award may afterwards be raised or lowered before final payment is made if subsequent developments justify it. (R. S. 44-528; *Corvi v. Crowe Coal & Mining Co.*, 119 Kan. 244, 237 Pac. 1056; *De Millsap v. Century Zinc Co.*, 123 Kan. 570, 573, 256 Pac. 136.)

If appellant had made a timely claim for compensation for injury to his left eye, and some award had been made therefor and not paid in full, it might very well be shown by lapse of time and subsequent developments that such award was insufficient and ought to be increased. But no such case is here. Moreover, in this case the award for the loss of the right eye and for which compensation had been timely demanded had been fully paid. Here the compensation commissioner was first informed on May 25, 1929, about the alleged accident and injury to the left eye. On that belated date, for the first time complainant made a claim for compensation

for an injury sustained four months and six days before—if the application dated May 25, 1929, may be considered as the equivalent of the statutory claim, there being no other.

Under our repeated precedents it is clear that the district court's judgment dismissing the appeal was correct. (*Smith v. Process Co.*, 100 Kan. 40, 163 Pac. 645; *Jacobs v. Coal Co.*, 105 Kan. 234, 182 Pac. 410; *Long v. Watts*, 129 Kan. 489, 283 Pac. 654.)

The judgment is affirmed.