No. 29,304.

FRED WALZ, *Appellee,* v. THE MISSOURI PACIFIC RAILROAD COMPANY, *Appellant.*

(285 Pac. 595.)

Opinion filed March 8, 1930.

*W. P. Waggener, J. M. Challiss, O. P. May* and *B. P. Waggener,* all of Atchison, for the appellant.

*Ralph U. Pfouts* and *Steadman Ball,* both of Atchison, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The question in this case is whether the commissioner of compensation may, on his own motion, and without regard to the authority conferred by section 28 of the workmen's compensation act (Laws 1927, ch. 232), set aside an award duly made, approved and filed, and grant a rehearing of the claim for compensation.

Walz, an employee of the railway company, sought compensation for an injury, and the matter was heard by an examiner in the city of Atchison on July 23, 1929. On August 1 the examiner made an award denying compensation on the ground written claim for compensation was not made within ninety days after the accident. On

August 12 the award was approved and filed by the commissioner of compensation. On August 20 the commissioner made the following order:

"ORDER OF REHEARING.

"Now on this 20th day of August, 1929, the commissioner does on his own motion set aside his award filed on August 12, 1929, in the above-entitled matter, and does hereby order a rehearing of this claim for September 7, 1929, at 10:30 a. m., in the district court room at Atchison, Kansas."

The employer appealed to the district court, the district court dismissed the appeal, and the employer appeals to this court.

One of the chief defects of the old workmen's compensation act was the method of administering it, and it turned out to be an act for the promotion of litigation. The act was revised in an effort to make it a simple administrative measure whereby compensation claims might be easily determined without delay, uncertainty and expense. Accomplishment of the purpose necessarily depended on nature of procedure, and the procedure was specified in detail.

The manner in which the act is to be interpreted with respect to procedure was fully considered in the case of *Norman v. Consolidated Cement Co.*, 127 Kan. 643, 274 Pac. 233. The Norman case reached this court by appeal. The act made no provision for that procedural step, and the appeal was dismissed. In determining the specific question the entire act was considered, and in the opinion prepared by Chief Justice Johnston it was made as plain as clear and forceful English composition could make it that the legislature chose what procedure it would adopt, disregarded rules and methods of civil procedure, and substituted a system of its own, complete, explicit and exclusive. It is not necessary to discuss that subject again.

What the commissioner has done—speaking in terms of civil procedure—was to review a judgment, set it aside, and grant a new trial. The legislature was perfectly familiar with that kind of procedure when it framed the compensation act. The civil code contains an entire article relating to new trials and proceedings to revise judgments, and when the compensation act was framed everything squinting in that direction was left out. The commissioner was given power to approve or disapprove the examiner's award. Beyond that the purpose manifestly was to avoid the confusion, uncertainty, delay and expense necessarily attending a practice looking to the reopening of closed cases.

It is not material that in this case compensation was denied because proper claim had not been made. The section of the statute relating to that subject is imperative:

"No proceedings for compensation shall be maintainable hereunder unless a written claim for compensation shall be served upon the employer . . . within ninety (90) days after the accident." (Laws 1927, ch. 232, § 20.)

Unless the workman could show compliance with the statute, the examiner had no function to perform beyond making his report. Neither is it material that by acquiescence in the commissioner's order the workman has now lost privilege to appeal from the adverse award. If the shoe were on the other foot, and by seeking to take advantage of a rehearing order the employer had lost privilege to appeal, the workman could readily appreciate that in the long run it is better to accept the law as the legislature made it.

The judgment of the district court is reversed, and the cause is remanded with direction to reinstate the award as originally made, approved and filed.