No. 29,765.

Max Skinner, Claimant, *Appellee*, v. The Dunn Mercantile Company, Respondent, and The London Guarantee and Accident Company, *Appellants*.

(296 Pac. 341.)

Opinion filed March 7, 1931.

*Chester I. Long, J. D. Houston, Claude I. Depew, W. E. Stanley* and *William C. Hook,* all of Wichita, for the appellants.

*C. A. Matson, I. H. Stearns* and *E. P. Villepigue,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Marshall, J.: This is an appeal from a judgment of the district court of Sedgwick county affirming and approving the award made by the commissioner of workmen's compensation in favor of Max Skinner, the workman, for temporary partial disability in the sum of $1 per week for 407 weeks. The appellee also, in the nature of a cross appeal, requests this court to consider and review the judgment and findings of the district court with respect to the average weekly wages of the appellee, which is a necessary basis for the award, claiming such wages should have been found to be $18 per week instead of $4.

The appellee was a high-school boy, who worked for appellant on Saturdays for $3 per day, and sometimes on the afternoon and

evening of Fridays after 4 o'clock, for which services he received $1. He was injured December 3, 1927. The only payment made to him was on January 19, 1928, at which time he gave a release, which was not acknowledged.

This action was commenced before the commissioner September 24, 1928. Appellant insists that this is an action for the recovery of compensation and cannot be maintained because not commenced within ninety days after the accident or within ninety days after the date of the last payment of compensation, as required by section 20 of chapter 232 of the Laws of 1927, being R. S. Supp. 44-520a, the pertinent part of which is as follows:

"No proceedings for compensation shall be maintainable hereunder unless a written claim for compensation shall be served upon the employer by delivering such written claim to him or to his duly authorized agent, or by delivering such written claim to him by registered mail within ninety (90) days after the accident, or in cases where compensation payments have been suspended within ninety (90) days after the date of the last payment of compensation."

The appellee claims this is not an action to recover compensation, but is an action to set aside a release or final receipt and for compensation under R. S. Supp. 44-527, the pertinent portion of which is as follows:

"At the time of making any final payment of compensation the employer shall be entitled to a final receipt for compensation, executed and acknowledged or verified by the workman, which final receipt may be in form a release of liability under this act, and every such final receipt for compensation .or release of liability, or a copy thereof, shall be filed by the employer in the office of the commission within sixty (60) days after the date of execution of such final receipt or release of liability, and if the employer shall fail or neglect to so file such final receipt or release of liability the same shall be void as against the workman. . . . *Provided,* No proceedings shall be instituted by either party to set aside any such agreement, release of liability, final receipt for compensation or agreement modifying an award, unless such proceedings are commenced within one (1) year after the date any such agreement, release of liability, final receipt for compensation or agreement modifying an award has been so filed and approved by the commission."

The instrument dated September 24, 1928, and filed with the commissioner, and on which a hearing was had before the commissioner on October 31, 1928, was evidently a blank form of questions with answers filled in, and it gave names of employer and employee, date of accident, nature and character of injury, name of physician, date

of discharge by physician, amount of compensation received, date of last payment received, wages received, and concluded as follows: "Injured employee making claim—sign full name here—Max Skinner."

A full hearing was had before the commissioner and the journal entry or award of commissioner contains the following statements:

"In the matter of the claim for compensation under the workmen's compensation act (chapter 232, Laws of Kansas, 1927) made by Max Skinner against the Dunn Mercantile Company, employer, and London Guarantee and Accident Company, Ltd., insurance carrier.

.   .   .   .   .   .   .   .   .   .   .   .   .

"The respondent presents herein a final release, which claimant moves to set aside for the reason that same is not a release in accordance with the workmen's compensation act of the state of Kansas, and for the reason that said release has never been acknowledged and is no release.

"The examiner, being duly advised in the premises, sustains the motion of claimant setting aside such release, and orders this claim to come regularly on for hearing. .

"Whereupon testimony was had with reference to said claim."

The commissioner, after making findings as to disability and wages, then made the award as stated in the early part of this opinion. The record shows that no admissions were made as to parties being governed by the compensation act nor as to notice and claim for compensation.

The form and contents of the document filed with the commissioner by the appellee is apparently what is usually filed to recover compensation. Nothing in it indicated that it was a petition to set aside a release. Instead of giving the date of making the claim on the employer for compensation, the answer to that question made reference to a release. The question being, "Claim for compensation made on employer on," and the answer given was, "none made since release."

The form and contents of papers before the commissioner must not be subjected to the same degree of exactness as that required in court, but they should at least convey the purpose, design and intention of the party filing them. The commissioner took this document to be a claim for compensation, as shown by the opening statement of award of commissioner. He next considered the validity of the release. Nothing on file up to that time seemed to raise any question about the release, for it was brought to the attention of the commissioner by the motion of the appellee to

set it aside. No such motion would have been necessary if that had been the purpose of this action. Then when the commissioner sustained the motion and set the release aside the purpose would have been accomplished. Counsel for appellee say the action is to set aside the release and recover compensation in accordance with R. S. Supp. 44-527. We fail to find any authority in that section for uniting a recovery of compensation with the setting aside of the release. This section very wisely gives a whole year from the date of a release to ask that it be set aside, and when an award has already been made or an action to recover compensation is pending, the claimant can prosecute his claim without the obstruction of the invalid release.

Appellee does not attempt to explain away the requirement of R. S. 44-520a that no proceedings for compensation shall be maintained unless started within ninety days from the accident or last compensation payment except to urge that his proceeding has two purposes, and because one purpose is within time the other purpose should be permitted to accompany the one that is within time. The requirements of both statutes should be observed. We can readily accept the purpose of the action as being one to set aside a release and concur in the order setting it aside, but cannot wholly ignore the requirement of the other statute as to commencing an action by filing a claim within the prescribed time.

The case of *Walker v. Kansas Gasoline Co.,* 130 Kan. 576, 287 Pac. 235, cited by appellee, is in point, but there the action for recovery of compensation had been heard and the award and settlement had been made before the filing of the application to set aside the release. It was there held that under the new law the commissioner had full jurisdiction to hear and determine the question of the validity of a release.

There can be no question as to the jurisdiction of the commissioner in such a matter, nor concerning the necessity of a release being acknowledged or verified in order to be effective. That entirely disposes of the release in this case, but what, when and where is the basis for the award? The only beginning shown by the record is in the filing of this action September 24, 1928, more than eight months after the accident and after the last and only payment made, and under the provisions of the statute (R. S. 44-520a) it cannot be maintained.

"A demand for compensation under the workmen's compensation law is required to be made within three months after an accidental injury unless there is incapacity to make it, and if not made within the time fixed by the statute no proceeding can be maintained for its recovery, as noncompliance with the provision is declared to be a bar to recovery." (*Long v. Watts,* 129 Kan. 489, syl. ¶ 1, 283 Pac. 654.)

"Four months and six days after the accident the workman filed another application for compensation, alleging that his left eye had also been injured in the same accident which had culminated in the loss of his right eye. *Held,* under the statutory provision that proceedings for compensation shall not be maintainable unless a claim for compensation has been made within three months after the accident, the belated application was properly denied and dismissed; and *held, also,* that the statutory provisions for the modification of a prior award were not applicable to the matter at hand." (*Murphy v. Cook Construction Co.,* 130 Kan. 200, syl., 285 Pac. 604.)

"A workman was injured in a coal mine on February 15, 1928. He was paid weekly compensation therefor until April 11, 1928, at which time compensation was suspended, but he continued to be treated by a physician designated by his employer until May 29, 1928. In September another physician made the discovery that the workman was suffering from hernia, probably caused by the injury sustained on February 15, and that the employer's designated physician did not know or had concealed that fact. A written application for compensation was filed with the compensation commission on December 22, 1928. *Held,* that the delay beyond the statutory limit of ninety days in which to make a written demand for compensation after weekly payments had been suspended prevented proceedings for compensation being maintainable (Laws 1927, ch. 232, § 20), and the excuse offered by the workman for such delay was not within the purview of section 9 of the act which exclusively governed matters of that sort." (*Fougnie v. Wilbert & Schreeb Coal Co.,* 130 Kan. 410, syl. ¶ 2, 286 Pac. 396. See, also, *Walz v. Missouri Pac. Rld. Co.,* 130 Kan. 203, 285 Pac. 595.)

The requirement as to beginning the action or serving notice is imperative and cannot be ignored, and the ruling of the trial court in approving and affirming the award must be reversed.

Having reached this conclusion there is no purpose for our considering the well-prepared briefs on the very interesting question of weekly wages as a basis for an award.

The judgment of the district court is reversed and the cause is remanded with directions to render judgment for the appellants, the respondents below, for costs.