No. 29,888.

Myrtle I. Frary, Carrie Bell Frary and Anna Marie Frary, by Their Next Friend, Mother and Natural Guardian, Myrtle I. Frary, *Appellees*, v. Roxana Petroleum Corporation (now Shell Petroleum Corporation), *Appellant.*

(297 Pac. 668.)

Opinion filed April 11, 1931.

*Albert Faulconer, Kirke W. Dale* and *C. L. Swarts*, all of Arkansas City, for the appellant.

*E. M. Knight, W. L. Cunningham, D. Arthur Walker, Fred H. Leach* and *William E. Cunningham*, all of Arkansas City, for the appellees.

The opinion of the court was delivered by

Dawson, J.: This was a compensation case. On September 30, 1926, Clinton O. Frary, a workman in defendant's oil refinery, was injured by a blast of hot steam and oil which struck him in the face. He was in the hospital eight days. He returned to work at his usual occupation and wages on October 19, 1926, and continued steadily thereat until November 3, 1927, putting in 216 extra hours of labor during that interval. On November 7, 1927, Frary died, the certified cause thereof being hemorrhage of the liver.

On August 30, 1928, this action was begun by his widow and minor children to recover compensation, based upon the theory that Frary had been permanently partially disabled by his accident and

thereby had been entitled to a minimum award of $6 per week for eight years, totalling $2,496, and that plaintiffs, as his dependents, were entitled thereto.

At the conclusion of the trial the court permitted the petition to be amended so as to state a cause of action for compensation for the death of Frary, whereupon defendant filed a motion to remove the cause to the federal court. This the court denied, but also denied plaintiffs the privilege of amending the prayer of their petition which would have raised the amount of recovery to $3,744, being three times the average wages of the deceased. On February 10, 1930, defendant's motion for a new trial was overruled, and judgment for $2,496 was entered for plaintiffs.

This appeal was not taken until August 7, 1930. Was this in time?

The basis of this action was that provision of the statute which grants compensation to dependents of a workman who dies from injuries sustained in his employer's service. The statute of 1927 (R. S. Supp. 1930, 44-520a) was a procedural amendment to the earlier statute and governed the time within which this action should be brought. (*Fougnie v. Wilbert & Schreeb Coal Co.*, 130 Kan. 410, 414, 286 Pac. 396; *Walz v. Missouri Pac. Rld. Co.*, 130 Kan. 203, 205, 285 Pac. 595; *Murphy v. Cook Construction Co.*, 130 Kan. 200, 285 Pac. 604.) Amendments to procedural law which do not prejudicially affect substantial rights apply to pending causes of action. (*Davis v. Nation*, 82 Kan. 410, 108 Pac. 583; *Melbourne v. Kelley*, 93 Kan. 753, 145 Pac. 816; *Railway Co. v. Fuller*, 105 Kan. 608, 186 Pac. 127; *Kuca v. Lehigh Valley Coal Co.*, 268 Pa. St. 163; *Telephone Co. v. Power Co.*, 45 S. D. 462; *Tackett v. Ott*, 108 W. Va. 402; Lewis' Sutherland Statutory Construction, § 674; 36 Cyc. 1215-1216; 25 R. C. L. 791.)

By what appears to be the greater weight of authority, and certainly by the better reasoning, the cause of action for compensation for the death of a workman arises from the *death* and not from the *injury* which eventually results in the death. (*State, ex rel. Carlson, v. District Court*, 131 Minn. 96; *Donoho v. Atlantic Basin Iron Works*, 210 App. Div. 535, 206 N. Y. S. 494; *State Treasurer v. Vanderbilt*, 220 N. Y. S. 521; *Indus. Comm. v. Kamrath*, 118 Ohio St. 1, syl. ¶ 4.) The compensation act forbids the maintenance of proceedings to recover compensation unless a *written* claim therefor is made within six months of the death of the workman. No *written*

claim was made in this case for more than nine months. But another procedural amendment to the act, R. S. Supp. 1930, 44-556, which was in effect at the time this cause was decided, provides that an appeal can only be taken to the supreme court within twenty days after the final order is made by the district court. The final . order entering judgment was rendered on February 10, 1930. This appeal proceeded on the theory that the ordinary code rule of six months applied. The compensation act provides its own procedure. (*Norman v. Consolidated Cement Co.*, 127 Kan. 643, 274 Pac. 233.) In *Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 284 Pac. 818, the accident and injury and subsequent death of the workman, the award, and the appeal to the district court, occurred at a time when this court had no jurisdiction of appeals in compensation cases. But our jurisdiction had been restored by the time the decision was reached in the district court. It was held that the statute reconferring jurisdiction on this court, being a mere amendment to procedural law, applied to pending litigation.

The same rule of procedural law prevents a review of this cause on the merits. Since the appeal from the judgment of the district court was not taken within twenty days, this court is without jurisdiction, and the appeal must be dismissed. (*Modern Woodmen v. Heath*, 71 Kan. 148, 79 Pac. 1091; *Miller v. Miller*, 113 Kan. 22, 213 Pac. 634.)

Dismissed.

SLOAN, J., not participating.