No. 30,433.

R. S. Sayers, *Appellee*, v. Colgate-Palmolive-Peet Company and The Ætna Life Insurance Company, *Appellants*.

(8 P. 2d 383.)

Opinion filed March 5, 1932.

A. L. Berger, of Kansas City, and E. L. Kearney, of Kansas City, Mo., for the appellants.

A. M. Etchen, of Kansas City, and W. W. McCanles, of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

Dawson, J.: This is an appeal from a judgment in a workmen's compensation case. Claimant was an employee of the respondent company. One of his duties was to attach pipes to railway tank cars so that their cargoes of caustic could be unloaded. One morning, on July 22, 1929, he climbed on top of such a car, and in loosening certain large nuts to uncap the car he slipped and fell to the ground and injured his right arm. Defendant's superintendent sent him to the hospital, where his arm was treated and bandaged. From day to day and later two or three times a week, and still later once a week, claimant called on the doctor to have his arm treated.

On August 6, 1929, the adjuster for the insurance carrier called on claimant and obtained from him a signed statement of facts concerning the accident. At the same time claimant and the adjuster had a conversation in which the latter ventured the opinion that claimant "would have a hard time getting compensation." Apparently this remark was prompted by an inference that claimant

had been intoxicated at the time he fell off the railway car. In his signed statement to the adjuster claimant had said:

"I take a drink of liquor every once in a while. . . . Sunday night just before I hurt my arm on the following Monday morning I took a couple of drinks of liquor, but didn't take any the morning of my injury."

At the hearing before the commission claimant testified:

"About a week after the accident a man came to see me and questioned me as to how the accident occurred, and I told him as near as I could just how it happened. I told him the wages that I was earning, but I did not tell him I wanted some compensation to pay for my injury, but after he got through writing he told me that I would have a hard time. . . .

"I was not drunk at the time [of the accident]. I had not been drinking that morning. . . . I had a few bottles of beer on Sunday. This accident happened on Monday. . . . I never drank at the plant, not unless some of the boys at the laboratory would give me a little drink. . . .

"I don't remember ever going down to the plant drunk. . . . Never sent home for being drunk only one time in my life. . . .

"He [the adjuster] didn't say exactly I wouldn't be able to collect, but he said I would have a pretty hard time. . . .

"I don't remember who first talked to me about my claim for compensation.

"Q. Did you talk to anyone else besides your attorney? A. No, sir."

On October 22, 1929, claimant's attorney mailed to respondent a written demand on behalf of claimant for compensation. It was received the following day, ninety-three days after the accident.

At the hearing before the compensation commission respondent pleaded two defenses—that no written claim for compensation had been made within the statutory period of ninety days, and that claimant's injury was caused by his being intoxicated at the time he fell off the freight car. On the evidence adduced the commission found that the accident and injury arose out of and in the course of claimant's employment, and that it did not result from his intoxication, but that compensation would have to be denied because no written demand for compensation had been made within the statutory time.

On appeal the cause was reviewed by the trial court on the record. Judgment awarding compensation was entered; being predicated on these findings—

"5. The court finds that the claimant received his injury as hereinbefore stated. That before ninety days had elapsed the respondent, with full knowledge of the facts of claimant's injury, and the fact that he was entitled to compensation, refused compensation and denied all liability for the same on the ground that claimant was intoxicated at the time of receiving his injury, and had thereby forfeited the right to compensation.

"6. There is no evidence upon which the court can find that claimant was intoxicated at the time of the injury, and for that reason the court does find that the denial of compensation on other grounds than lack of demand by claimant is a waiver of a written demand for compensation, and the respondent is estopped from setting up its defense that no written claim was made within ninety days, and for such reason claimant is awarded compensation as above indicated, at costs of respondent."

Respondent appeals. The pertinent statute, in part, reads:

"No proceedings for compensation shall be maintainable hereunder unless a written claim for compensation shall be served upon the employer by delivering such written claim to him or to his duly authorized agent, or by delivering such written claim to him by registered mail within ninety (90) days after the accident, . . ." (R. S. 1931 Supp. 44-520a.)

The trial court's finding, No. 6, that there was no evidence upon which the court could find that claimant was intoxicated at the time of the injury, is technically incorrect. There was abundant evidence to support such a finding if the court had seen fit to give it credence. Aside from claimant's own admission that he had been drinking the day before and concerning his weakness for liquor, there was the evidence of Cooper and Sawyer, claimant's fellow workmen, who testified that they smelled liquor on his breath the morning of the accident. The evidence of the physician who attended him was to the same effect. He testified:

"You could smell liquor on him as plain as you could any drunk man."

Another doctor who administered an anæsthetic to claimant while his arm was being treated testified:

"Doctor Carey and I noticed before we gave him the ether that there was the odor of alcohol on his breath. It was quite strong."

Claimant's own testimony on rebuttal in part corroborated the foregoing:

"I says, 'I wasn't drunk,' and he says, 'Well, they say they smelled liquor on you,' and I says, 'Does smelling of liquor indicate a man being drunk?'"

While this court has no concern with the fact-finding questions of a compensation case, we are bound to hold that where so much evidence of intoxication was available a defense that the claimant was intoxicated when he received his injury was not unreasonably interposed before the examiner and the commission. Intoxication is a defense to a claim for compensation under the statute. (R. S. 1931 Supp. 44-501.) The legal question therefore is, Does an employer who interposes such a defense do so at the peril of waiving any other defenses he may have to the workman's claim for compensation?

The compensation act is complete in itself and theories and analogies drawn from other statutes and rules of law have little application thereto. (*Norman v. Consolidated Cement Co.,* 127 Kan. 643, 649, 274 Pac. 233.) In its latest general revision of the act (Laws 1927, ch. 232, R. S. 1931 Supp. 44-501 *et seq.*) the legislature stripped away the confusing refinements of the earlier statute concerning written notice of injury within ten days, and the requirement of a claim for compensation within three months (which need not be in writing) and which provided that the want of the written notice required by the statute would not be a bar to compensation unless the employer was prejudiced. The later enactment specifically provided that on this phase of the act the employer, without any "ifs or ands," should have a square deal; and so it decreed that no proceedings for compensation shall be maintainable unless a written demand for compensation shall be made on the employer within ninety days following the accident, and the only exceptions thereto are those which the statute itself provides—death of the workman, or his disability to make such demand. (R. S. 1931 Supp. 44-520a, 44-509.) Shall this court now give its sanction to a rule which will revive the confusion concerning this phase of the compensation act from which the legislature has but recently extricated the bench and bar? We hold not. Counsel for appellee cite some cases where letters written by claimant to employer have been construed to be a compliance with the statutory requisite of written demand. Such cases are not analogous and furnish no precedent to justify the present judgment. Nothing this court has said since the enactment of 1927 is fairly susceptible of a construction that the written demand within ninety days can be waived—certainly not by pleading another defense which the statute likewise permits. In one of our most recent cases, *Skinner v. Dunn Mercantile Co.,* 132 Kan. 559, 296 Pac. 341, it was held:

"The requirement of R. S. Supp. 44-520a, that no proceedings for compensation shall be maintainable unless a written claim or demand shall be made within ninety days after the accident or the last compensation payment, is imperative, and there is nothing that can properly be done by the commissioner in such case but dismiss the action, unless a statutory incapacity is shown." (Syl. ¶ 1.)

Moreover, there was no denial of compensation on account of claimant's intoxication prior to the proceedings before the compensation commission by anyone with authority to speak for respondent. The adjuster for the insurance carrier did not have such authority,

nor indeed does the testimony of claimant touching his conversation with the adjuster warrant a construction that compensation was denied by him. The suggestion that the surgical treatment and care given by respondent's physician which extended until the time of the hearing before the examiner justifies an inference that respondent was acknowledging its liability and thereby waiving the statutory demand is disapproved. Neither did claimant's written statement to the adjuster as to how the accident occurred constitute the statutory demand.

The judgment is reversed and the cause remanded with instructions to enter judgment for respondent.