No. 30,557.

Isaac Lawrence Klein, *Appellee*, v. Bert McCullough and The Hartford Accident & Indemnity Company, *Appellants*.

(11 P. 2d 983.)

Opinion filed June 4, 1932.

*Paul J. Wall, Carl I. Winsor* and *John E. Boyer,* all of Wichita, for the appellants.

*Fred Ice,* of Marion, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment affirming an award of compensation to a workman who suffered an industrial accident. The main defense was the workman's failure to make a written demand on his employer for compensation within ninety days as the statute requires.

It appears that on November 30, 1929, while unloading a railway tank car of gasoline for his employer, Bert McCullough, plaintiff, fell off the car. He continued to work until December 18, 1929, when he became ill and was confined to his home for ten days. On December 28, 1929, he was taken to a hospital for an operation. He remained in the hospital for about three weeks, after which he remained at home until April 2, 1930, when he returned to work.

On January 27, 1931, nearly fourteen months after his injury, he filed with the commission a claim for compensation, stating the circumstances of the accident and that he had thereby sustained a ruptured intestine.

The commission set the claim down for hearing. The employer and the insurance carrier objected on the ground that the claimant had not served upon the employer the statutory written demand for compensation within ninety days after the accident.

The objection was overruled and the hearing proceeded. The commissioner found that because of certain matters testified to (to be noticed later) "the employer waived formal written claim for compensation to be served upon himself." Elsewhere the commissioner's report reads:

"It is further found from the evidence that written claim for compensation within ninety days after the accident was made and served in sufficient con-

formity with section 20 of the workmen's compensation act. Also that respondent by his acts and conduct waived written notice of the accident and waived formal written claim for compensation."

An award was made; and on appeal to the district court the award was affirmed and judgment entered accordingly.

The respondent and insurance carrier bring the case here for our limited review, contending (first) that there was no substantial evidence to support the finding of the commissioner that a written claim for compensation had been made and served on the employer within ninety days in conformity with section 20 of the compensation act; and (second) that nothing in fact or in law apparent on the record disclosed a waiver of the timely written demand which the statute prescribes as a prerequisite to the maintenance of proceedings to obtain a compensation award for industrial injury. It seems necessary to reprint the pertinent provision of the statute once more:

"No proceedings for compensation shall be maintainable hereunder unless a written claim for compensation shall be served upon the employer by delivering such written claim to him or to his duly authorized agent, or by delivering such written claim to him by registered mail within ninety (90) days after the accident, . . ." (R. S. 1931 Supp. 44-520a.)

It is a familiar rule of appellate review, in workmen's compensation cases as in most other appeals, that where there is any substantial evidence to support the findings of fact by the tribunal authorized to make them; they will be accepted as true by this court. Our function is merely to examine the record and decide whether there was such evidence upon which the findings of fact could be based. But whether there is such evidence is a question of law which this court's duty will not permit it to evade, no matter how much we may regret to have our dockets cluttered with this class of cases—a class which the reformers of two decades ago confidently hoped would be fairly and competently handled by a statutory board and that the courts would eventually be relieved of them altogether.

In this case there was no evidence whatever that the claimant made a written demand on his employer for compensation within ninety days, or at any other time, until the filing of this proceeding more than a year after his accident. Indeed, the claimant's own testimony which the commissioner incorporated literally in his report was as follows:

"Q. You didn't file any claim within ninety days from the date of your accident? A. No, sir.
"Q. Did you ever get any workmen's compensation? A. No, sir.

"Q. Did anyone ever promise to pay your hospital and doctor's bill? A. No, sir."

There was testimony that while the claimant was in the hospital his employer called on him and they talked about compensation:

"Q. Did you ask him for compensation? A. I asked him if there was any compensation on that and he said 'yes.'"

The claimant also testified that he saw his employer again, on February 3, 1931, and they had another conversation:

"Q. Did you ask him for compensation at that time? A. Yes, sir.

"Q. What did you say to him? A. I asked him what to do about it and he said he would go to Case's office and fill out a claim."

Claimant testified that he and his employer went to the office of Case, who was local agent of the insurance carrier, and "filed a claim" with Case. Case prepared the claim and the workman testified that he *thought* he signed it. But whatever the paper was the workman admitted that he did not read it, he was "pretty sure he signed it" and that Case kept it.

"Q. So would you say that Mr. Case's recollection of what it was and whether or not you signed it, would be correct? A. Yes, sir."

Case testified that what occurred on the occasion testified to by claimant was that claimant and his employer, McCullough, came to his office, and that McCullough made out a report on a form provided by the compensation commission, that the workman supplied the facts, and that the employer signed it and the claimant did not. One copy of the report was forwarded to the commission and the other to the insurance carrier at Kansas City. It was perfectly apparent that the incident had to do with the employer's duty to make a report of the industrial accident to the compensation commission. (R. S. 1931 Supp. 44-557.) The preparation of that report, which the employer is bound under penalty to make under the statute within seven days after he has knowledge of it, cannot be distorted to mean the written demand for compensation which the workman must make within ninety days as a condition precedent to the maintenance of proceedings to procure an award of compensation. If the employer violates his duty to report the accident to the commission let him be prosecuted therefor. If the employer tricked the workman into a belief that a paper the workman *thinks* he signed was a written demand for compensation when it was something else, this court will keep an open mind on the question whether the workman

may have an action of damages for deceit against the employer. But we will not give judicial sanction to the sort of verbal legerdemain which the commission and the trial court were content in this case to regard as compliance with the statutory prerequisite of a timely written demand for compensation.

In view of the foregoing, the question of waiver of the written demand needs little discussion. This court is grateful to the legislature for the enactment of section 20 of the present statute, which emancipated the bench and bar, and the compensation commission as well, from the mess we were in touching the requirements of notice and demand and how they might be waived where no prejudice was shown—not to speak of our more or less constant distrust that such waivers were largely established by interested and questionable testimony. This court is not disposed to open another such Pandora's box of trouble by conceding that the plain letter of the statute can be circumvented by oral testimony to show a waiver of its requirement. That requirement is a very simple one. Any workman, however limited his learning, can conform to it. Almost any sort of writing which can be fairly interpreted as a written demand for compensation (*Weaver v. Shanklin Walnut Co.*, 131 Kan. 771, 293 Pac. 950; *Eckl v. Sinclair Refining Co.*, 133 Kan. 285, 299 Pac. 588) or which the employer himself has so interpreted (*Willis v. Skelly Oil Co.*, ante, p. 543) will satisfy the statute, but a waiver based on disputable oral testimony will not do so. To that effect are our repeated decisions: *Long v. Watts*, 129 Kan. 489, 283 Pac. 654; *Walz v. Missouri Pac. Rld. Co.*, 130 Kan. 203, 205, 285 Pac. 595; *Skinner v. Dunn Mercantile Co.*, 132 Kan. 559, 296 Pac. 341; *Schweiger v. Sheridan Coal Co.*, 132 Kan. 798, 297 Pac. 688; *Sayers v. Colgate-Palmolive-Peet Co.*, 134 Kan. 872, 8 P. 2d 383.

The judgment of the district court is reversed and the cause remanded with instructions to enter judgment for defendants.