No. 31,405

BERTHA SUTTLE, and WILLIS SUTTLE, by his Next Friend, BERTHA SUTTLE, *Appellants*, v. THE MARBLE PRODUCE COMPANY, and its Successor, THE MIDWEST PRODUCE COMPANY, and THE MARYLAND CASUALTY COMPANY, *Appellees*.

(34 P. 2d 116.)

Opinion filed July 7, 1934.

*B. A. Earhart,* of Hutchinson, for the appellants.

*Allen B. Burch, A. W. Geiger, J. B. Patterson,* all of Wichita, *Allen C. Malloy, Roy C. Davis, Warren H. White* and *Frank S. Hodge,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action by a widow and her fifteen-year-old son, for whom she appears as next friend, against respondent and insurance carrier to recover under the workmen's compensation law for injury to her husband while in the employ of respondent, which injury she claims resulted in his death. The compensation commissioner found in favor of claimants for $4,000.

The district court, upon appeal, reversed the award mainly because there was no written claim for compensation served upon or delivered to the employer or his agent, as required by R. S. 1933 Supp. 44-520a. Claimants have appealed to this court, assigning error as to such ruling, especially as to the fifteen-year-old boy, the failure to recognize a substitute for such claim, the waiver of such demand or claim, and that death resulted from the accident.

Two respondents are named in the title of the case, but one is alleged to be the successor of the other, and the first one named was the employer at the time of the accident.

The deceased was tall and large, forty-two or forty-three years of age, had been a truck driver for many years, and was driving a loaded truck for respondent from Hutchinson to Wichita in January, 1930. The evidence differs as to whether it was on January 8 or January 20 the accident happened. Another party was with him who had taken the wheel shortly before the accident. In turning a corner where there was a good deal of ice on the road the car turned over on its right side. The driver fell over on the deceased and so did a loose jack that was in the cab of the loaded truck. Both men got out the left door on top, and, with some assistance, soon straightened up the truck and its load and were on their way to Wichita,

there being nothing hurt about the truck except the right hind wheel was slightly bent. The deceased drove the balance of the way. He returned to Hutchinson and complained to his family of not feeling well, but continued with his work until February 11, when his doctor was called and he was put to bed. He was out very shortly and worked until February 23, when he went to the hospital, where he remained until his death on March 31, 1930. Two different doctors examined him during this time, and he was treated for heart trouble. His wife and others testified as to there being bruises on his body and his head. The hospital records show mainly the different features of heart trouble and the death certificate was limited to heart trouble. Several doctors testified at the hearing or by deposition, most of them giving as their opinions that the accident in the overturning of the truck was not the cause of his death; most of their testimony, except that of the two who attended him, being in answer to hypothetical questions.

As far as the evidence is concerned, both professional and otherwise, there was a conflict, and sufficient to support a determination as to the accident being or not being the cause of his death, and under the limitation of such reviews in this court to questions of law (R. S. 1933 Supp. 44-556) we can go no further as to that matter. (*Dioni v. Vulcan Coal Co.*, 132 Kan. 810, 299 Pac. 588; and *Leamos v. Wilson & Co.*, 136 Kan. 613, 16 P. 2d 490.)

No written demand or claim for compensation was made by either of the claimants until shortly before the bringing of this action in January, 1932, or nearly two years after the accident. R. S. 1933 Supp. 44-520a requires the serving of such claim as a prerequisite within the time fixed by statute. Appellants attempt to meet and overcome this preliminary requirement in two ways: first, by showing a claim was made in writing by the local agent of the insurance carrier against the insurance carrier at the request of the claimants and the managing officer of the respondent; and second, by the waiver of such written claim by the respondent.

The evidence shows that the widow, shortly after the death of her husband, telephoned Mr. Marble, managing officer of the respondent, to inquire about her right to compensation. He went to her home to see her and suggested that they go to see the local agent of the insurance company, and they requested the agent to write the insurance company about the rights of the claimants. He did so at their request. In this and subsequent conversations it was

said in substance by Mr. Marble that he thought she would be entitled to compensation if she could prove that the death arose out of the accident. Does the writing of the letter by the insurance agent to the insurance carrier satisfy the requirements of the statute as to a written claim? And, if not, does the statement of Mr. Marble constitute a waiver of such a written demand? The argument of appellants in favor of the first proposition is based wholly on the rule of liberal construction. R. S. 1933 Supp. 44-523, in prescribing the procedure leading to an award, provides that technical rules of procedure shall not be used. What we are now considering is a preliminary matter. A reference to the statute on another preliminary matter shows plainly a widely different view of the legislature as to the importance of two preliminary matters as to being liberally or strictly construed. The section here under consideration begins as follows: "No proceedings for compensation shall be maintained hereunder unless," etc. The next preceding section, which provides for the giving of a notice of the injury, concludes as follows: *"Provided further,* That want of notice or any defect therein shall not be a bar unless the employer prove that he has been prejudiced thereby." Here we have the written letter of the insurance agent to the insurance company he represented, written at the request of the claimants and the respondent, inquiring of the insurance company as to the liability of the respondent and, possibly, the insurance carrier, which is widely different from a written claim for compensation served on the respondent. It was said in *Klein v. McCullough,* 135 Kan. 593, 11 P. 2d 983, almost any sort of writing which can be fairly interpreted as a written demand for compensation will satisfy the statute. It refers to *Weaver v. Shanklin Walnut Co.,* 131 Kan. 771, 293 Pac. 950, and *Eckl v. Sinclair Refining Co.,* 133 Kan. 285, 299 Pac. 588, where the writings were very peculiar, but were upheld. In the latter it was said:

"The written claim that is required by R. S. 1930 Supp. 44-520a to be served upon an employer before proceedings for compensation shall be maintainable is not a formal notice, and it is sufficient if it advises the employer that the injured employee is claiming that he should be paid something as a result of the injury." (Syl. ¶ 1.)

In the case at bar the writing was an inquiry of the insurance carrier and made at the instance of the employer as much as the claimants. The Klein case, *supra,* was very similar in regard to the consultation of parties and a paper written by the insurance

agent, but it was held that such was not a written demand served on the employer as required by the statute, nor did the conversation of the employer with the claimant constitute a waiver.

In the case of *Sayers v. Colgate-Palmolive-Peet Co.*, 134 Kan. 872, 8 P. 2d 383, it was said:

"Counsel for appellee cite some cases where letters written by claimant to employer have been construed to be a compliance with the statutory requisite of written demand. Such cases are not analogous and furnish no precedent to justify the present judgment. Nothing this court has said since the enactment of 1927 is fairly susceptible of a construction that the written demand within ninety days can be waived . . ." (p. 875.)

Appellants cite the case of *Richardson v. National Refining Co.*, 136 Kan. 724, 18 P. 2d 131, but there the only defect was the failure of the claimant to sign the writing after referring to the accident and his injury in detail, and it was made in connection with a conversation concerning compensation, although compensation was not mentioned in the writing, and such writing was served upon the employer in due time. Other cases cited concern waiver in insurance and other cases which would not be governed by the strict statute here involved, and, of course, cannot properly apply here.

Appellants insist that the court erred in holding that the requirement of serving a written claim as a condition precedent to maintaining a compensation action was applicable to minors, and claim they are exempt under the provisions of R. S. 1933 Supp. 44-509 as to mentally incompetent persons. The exact language of this section is as follows:

"(a) In case an injured workman is mentally incompetent, or when death results from an injury in case any of his dependents, as herein defined, is mentally incompetent at the time when any right, privilege, or election accrues to him under this act, his guardian may, on his behalf, claim and exercise such right, privilege, or election, and no limitation of time, in this act provided for, shall run, so long as such incompetent has no guardian."

When this section was passed in 1927 there was omitted from the section, of which it was an amendment, the words "or a minor" in three different places following the word incompetent. We usually accord to the legislature a purpose and real intention in omitting any words in the amendment of a statute. It is argued that the omission did not change the statute because the words retained covered and included the words omitted.

The references to cases decided before the amendment was made or where the old statute was in force at the time of the accident or

injury are not helpful in determining the question now before us. The definitions cited and quoted are not specific, inasmuch as they do not often use the term "minor." One such definition of an incompetent is one unfit to manage his own affairs. Another is one who is incapable of managing his own affairs because mentally deficient or undeveloped, as children and idiots. No one claims the terms "children" and "minors" are the same. Besides, we are not dealing with the word "incompetent" alone in this case, as the statute in question qualifies it by prefixing the word "mentally." So to be exempt from the prerequisite requirement of serving the written claim for compensation within the prescribed time one must be mentally incompetent. We may well commence with the latest interpretation of this court on the subject as given in the case of *Baxter v. Chicago, R. I. & P. Rly. Co.*, 139 Kan. 443, 32 P. 2d 451, decided May 5, 1934, where it was held:

"A child of the workman twenty months old, did not present a claim for compensation until after the expiration of the statutory period after the accident, and after a guardian had been appointed for her, when a claim was made. *Held,* That at her age she was mentally incompetent within the statutory time, and further that under the act she was entitled to compensation." (Syl. ¶ 3.)

The minor in the case at bar was about thirteen years old at the time of the accident and fifteen years old at the time of the hearing before the commissioner where he was a witness. The commissioner "found that the dependent minor herein is by law incompetent." The trial court, with all the evidence before it, reversed the finding of the commissioner.

In the case of *Long v. Watts*, 129 Kan. 489, 283 Pac. 654, it was held:

"The incapacity mentioned in the statute is incapacity to make a demand and does not include a lack of knowledge as to whether or not the suffering or ailment of the workman is the result of an accidental injury sustained while working for his employer." (Syl. ¶ 2.)

In 37 C. J. 1021 it is said:

"No exception can be claimed in favor of minors in a statutory provision limiting the time for commencing actions given by such statute, unless they are expressly mentioned by the statute as excepted."

"The fact that an employee is a minor does not prevent his being bound by the statute which places employees within the operation of the workmen's compensation act in the absence of an affirmative election to the contrary." (*Railway Co. v. Fuller,* 105 Kan. 608, syl. ¶ 2, 186 Pac. 127.)

The case of *Dechant v. City of Hays*, 112 Kan. 729, 212 Pac. 682,

was an action under a statute against a city of the second class to recover damages for injuries to person or property, and the statute was held—

"1st. To create a condition precedent to the maintenance of such an action;

"2d. To apply to minors as well as to adults;

"3d. The requirements of the statute cannot be waived by the mayor or any other city official; and

"4th. The legislature has power to enact a statute making such a condition precedent." (Syl.)

It was held in *Hayes, Conservator, v. Candee,* 75 Conn. 131:

"The words 'mentally incompetent' have no strict technical meaning; they do not necessarily mean that the person to whom they are applied is an idiot, *non compos mentis;* they merely indicate a relative, and not an absolute, lack of mental ability." (p. 136.)

It is stated in 17 R. C. L. 868, under the heading of limitations of actions, that—

". . . although infancy in and of itself does not suspend the time prescribed by statute for the filing of a claim against a municipality for damages resulting from the happening of an accident, where the filing of such claim is a condition precedent to the right to maintain an action, yet immature infancy, which includes the age of five years, is, as a matter of law, a condition of physical and mental inability excusing compliance with a requirement that a verified statement of claim for personal injuries be filed within a designated time and that a child of that age should not be prejudiced by the failure of its father or mother to file the same, it being declared that inability is attributable to a first period of infancy while ability is attributable to a final period, as a matter of law, and through a period lying between those two the question of ability is a question of fact to be submitted to and determined by the jury."

Of course one adjudged to be insane would, under the exemption provision of the compensation statute, be mentally incompetent, and so would an infant, as held in the Baxter case, *supra.* And without committing ourselves as to the exact extent of infancy where mental incompetency as a matter of law exists, as was held to be five years in the text above quoted, we conclude that beyond a period of unquestionable infancy, as in the Baxter case, *supra,* and perhaps older than there existed as a matter of law, mental incompetency should be established as a matter of fact as to older minors before they are entitled to the exemption of the compensation statute requiring written claim for compensation to be served within certain prescribed times.

We find no error in the ruling and decision of the trial court.

The judgment is affirmed.