No. 41,599

WILLIE ROBERT TAYLOR, *Appellee,* v. ARMOUR AND COMPANY, *Appellant.*

(348 P. 2d 632)

Opinion filed January 23, 1960.

*Thomas M. Van Cleave, Jr.,* of Kansas City, argued the cause and *Thomas M. Van Cleave, Willard L. Phillips,* and *P. B. McAnany,* all of Kansas City, were with him on the briefs for the appellant.

*J. W. Mahoney,* of Kansas City, argued the cause, and *John K. Dear, David W. Carson* and *Ernest N. Yarnevich,* all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: The appellee brought a workmen's compensation claim against his employer, the appellant. The commissioner, after a hearing, made an award in claimant's favor which was approved by the district court on appeal.

In the appeal to this court, appellant recognizing the limited scope of our jurisdiction in workmen's compensation cases, has only attempted to question the propriety of one phase of the case. While the question is argued under three headings in the employer's brief,

the question is really whether the workmen's claim filed under G. S. 1957 Supp. 44-520a was sufficient to enable the workman to maintain this proceeding.

The employer quite rightly does not argue that there was not sufficient, competent evidence to support the following summary of the evidence as to the accident made by the workmen's compensation commissioner:

"The claimant testified that he was employed by the respondent as a common laborer and his specific job was lugging beef; that the beef was lugged by carrying it and it weighed from 150 to 300 pounds; that while lugging beef on or about November 19, 1956, he stepped on a piece of fat laying on a step causing him to slip and hurt his right knee; *that the next day he told his foreman about hurting his knee and was sent to the company's doctor,* Dr. Rieke, who treated him for two or three weeks; that Dr. Rieke was not helping him any and he went to Dr. Wall for further treatment. *The claimant further testified that he had received an injury to the knee on August 19, 1954, but had completely recovered from that injury prior to this subsequent injury of November, 1956. The claimant stated that he had lost several days off and on from this injury and was off work continuously from December 26, 1956 to January 14, 1957, while under treatment with Dr. Wall.*" (Italics supplied.)

The claim filed under section 44-520a in this case was typed on a printed form, and the only possible fault therein was that in the blank asking for the date of the accident there appeared the following words: "Approx. one year ago."

At the hearing, the claimant asked leave to amend the claim by inserting the date of the accident as November 19, 1956. The commissioner made no ruling on the proffered motion to amend the claim but only found that the accident occurred on November 19, 1956, in accord with the testimony of claimant. The district court on appeal found this to be in accord with the evidence and formally allowed the claim to be amended.

The employer argues that under the written claim outlined above and which was filed with the commissioner on December 28, 1956, and served on the employer by registered mail January 5, 1957, more than 180 days had expired before the making of the claim. The employer argues that no amendment could be made as to the date of the accident to show that the claim was filed within proper time. It is to be noted, however, that the employer does not raise any question about the notice as required in G. S. 1949, 44-520, where it is provided "time and place" of the accident are to be given. Under the evidence, the finding that the accident occurred

on November 19, 1956, and that employer had notice thereof, could not be disputed in this court.

Attention is directed to the fact that in no place in section 44-520a is it required that the date of the accident be stated. This court has said that all such a claim need contain is the notification that the workman contends he is entitled to compensation for an injury compensable under the act.

In *Klein v. McCullough,* 135 Kan. 593, 11 P. 2d 983, where no claim under section now appearing as 44-520a had been filed, the court described the nature of the claim as follows:

"That requirement is a very simple one. Any workman, however limited his learning, can conform to it. Almost any sort of writing which can be fairly interpreted as a written demand for compensation (*Weaver v. Shanklin Walnut Co.,* 131 Kan. 771, 293 Pac. 950; *Eckl v. Sinclair Refining Co.,* 133 Kan. 285, 299 Pac. 588) or which the employer himself has so interpreted (*Willis v. Skelly Oil Co.,* ante, p. 543) will satisfy the statute, but a waiver based on disputable oral testimony will not do so. To that effect are our repeated decisions: *Long v. Watts,* 129 Kan. 489, 283 Pac. 654; *Walz v. Missouri Pac. Rld Co.,* 130 Kan. 203, 205, 285 Pac. 595; *Skinner v. Dunn Mercantile Co.,* 132 Kan. 559, 296 Pac. 341; *Schweiger v. Sheridan Coal Co.,* 132 Kan. 798, 297 Pac. 688; *Sayers v. Colgate-Palmolive-Peet Co.,* 134 Kan. 872, 8 P. 2d 383."

In the later case of *Fitzwater v. Boeing Airplane Co.,* 181 Kan. 158, 166, 309 P. 2d 681, the court again discussed the nature of the claim required by the statute. There it was decided that certain doctor's reports and office memoranda concerning claimant's health and cardiac condition did not amount to a claim under the statute since no where therein was it indicated that the employee had suffered an injury compensable under the workmen's compensation act. In the case now under consideration, there is no doubt that claimant was demanding compensation.

We would point out that the above construction of the statute is supported by the principle of liberal construction in favor of the workman with the view of effecting its purpose. In *Ellis v. Kroger Grocery Co.,* 159 Kan. 213, 152 P. 2d 860, the court said:

"The provision of the compensation act must be liberally construed in favor of the workman with the view of effecting its purpose. (*Mendel·v. Fort Scott Hydraulic Cement Co.,* 147 Kan. 719, 78 P. 2d 868; *Rupp v. Jacobs,* 149 Kan. 712, 718, 88 P. 2d 1102.)"

See also *Owen v. Ready Made Buildings, Inc.,* 180 Kan. 286, 289, 303 P. 2d 168; and same case on second appeal, 181 Kan. 659, 665, 313 P. 2d 267.

54

It has already been shown that the evidence supported a finding that the employer had notice of the injury suffered on November 19, 1956, and that no other question is raised as to the award found by the commissioner and approved by the district court.

Therefore, the judgment of the district court must be affirmed.

It is so ordered.