BaltzeMi, J.,
delivered the following opinion:
This was a suit instituted by Herring against Bennett as endorsee of a promissory note in the following words :
“ New-York, August 15, 1836.
Fifteen months after date, I promise to pay to the order of Messrs., 'Young & Yan Eps, at the Commercial Bank at Apalachicola, $981., ■97, value received. • A. T. BENNETT.”
(Endorsed), “ Edward Young & Van Eps.”
There were various pleas in the Court below, but the defence principally relied upon was the statute of limitations, the questions *382 arising upon which, form the principal subject for the Consideration of this Court.
Without noticing the great variety of pleas filed and the changes of the pleas in the record, it is sufficient to state that defendant plead that “ the action did not accrue within five years,” to which there was a replication by plaintiff, and a rejoinder by defendant, and a surrejoinder by plaintiff. Defendant then demurred to the surrejoin-der, and the Court being of opinion that the rejoinder of defendant was bad, overruled this plea of defendant and ordered him to answer further. He then offered additional pleas which the Court rejected. The propriety of the last decision has not been called in question. It was the rule of the late Court of Appeals of the Territory, agreeing with the practice of the Supreme Court of the United States, not to interfere with or disturb the discretion of the Courts below in refusing and granting amendments, nor has any effort been made before us to establish a different rule. These rejected pleas are, then, not to be regarded in deciding the case.
The demurrer of defendant raises the same questions in this Court which were presented in the Court below. When filed by either party it lays open to the Court, not only the pleading demurred to, but the entire record for their judgment upon it as to the matter of law; and if two or more of the pleadings be bad in substance, the Court will give judgment against the party who committed the first fault. Arch. PI. & Év., 3.15.
No objection has been made to the declaration nor to the plea of the statute of limitations.
The replication, which is the next in order, has been excepted to, and we are called upon to decide as to its sufficiency. Statutes of limitations have presented questions of all others most embarrassing to the Courts, both in England and in this country, as well in the various aspects of the cases presented as in the conflicting decisions upon it. Within a very short period after its passage, it was decided “ not to be necessary for the defendant to plead the statute, all the Court holding, that if it appear by the plaintiff’s own showing, that the action is not brought within the time limited by the statute^ he cannot maintain his action.” Brown vs. Hancock, Cro. Car., 115. 2 Saund., 63, n. 6.
“ Afterwards it was adjudged that the defendant must plead the *383 statute, and the reason assigned was because the plaintiff might be within the exceptions in the statute, and the action therefore well brought although the cause pf action appeared on the face of the dé-claration to have accrued out of the limited time.” Cro. Car., 381. 2 Saund.; 63, n. 6. “ There is no contrariety of opinion that the statute begins to run from the day the cause of action accrued.” 1 Arch. N. P., 1,30.
When the statute once begins to run, no subsequent disability will prevent it from running. 4 Taunt., 826.' 1 Wils., 134. 1 Arch. N. P. 131.
The statute provides that “ all actions of trespass, debt, &c., shall be commenced within the time and limitation hereinafter expressed^ that is to say, within five years and not after.” Duval, 155. The same statute provides that “ if any person, or persons, that is or shall be entitled to such action he, or shall be at the time of any such cause of action given or accrued, beyond the. seas, or out of the country, such person, or persons, shall be at liberty to bring the same action s so as they take the same within such times as are before limited, after their coming from beyond seas, &c., as by other persons having no such impediment should be done.” Duval, 156.
A personal privilege is. by the latter clause provided in favor of persons entitled to an action who shall he at the time of such cause of action accrued, heyond seas or out of the country, and in its original design was probably intended to favor those who, away from home at the time a claim became due, were prevented by absence from asserting it,
If the suit now pending, were instituted by the payee of the note, or original promisee, we should feel no hesitancy in declaring the replication good, the precedents in the different books of reports and the forms being fitted to such a case. But this is the suit of an en-dorsee, and the question is whether the same averments and proof will avail him as are admitted to be valid in the case of a payee. Has the plaintiff in this case, by the allegations in his replication, brought himself within the statute, so as to enable. him to recover. No authority has been brought to bear directly upon the point, nor have we been able in our researches to find one, though the question would seem to have been of such frequent occurrence as to have been repeatedly decided by the Courts.
*384 The rules of pleading, especially those applicable to cases of rights and privileges granted by statute, however, will furnish, we trust, a. safe guide in arriving at a true and just conclusion.
Referring to these, we find it laid down that “ the rules of pleading in case of declarations and pleas, in bar, are applicable also to replications.” As a plea is either a denial or a confession and avoidance of the complaint stated in the declaration, so a replication is either a denial or a confession and avoidance of the defence stated in the plea. Arch., pi. and ev., 242,
A replication requires more certainty than a declaration; Arch.,, 257. “ If matter of the defence be true, so that the plaintiff cannot .safely traverse it, he may admit it by his replication and avoid it by a statement 'of new matter in the same manner, as a defendant may do by his plea with reference to the declaration.” Arch., 25!s 199, 20S. , •
“ The declaration must shew plainly and certainly all circumstances material to the maintenance 6f the action, for if there be two in-tendments, it shall be taken most strongly against the plaintiff.” — > Arch., 108.
“ A plaintiff should state every fact necessary to inform the Court that his case is within the statute. If a man entitle himself by a lease which by a proviso in a statute will be good, if the ancient rent be reserved, he must shew that a rent was reserved, and aver it to be the ancient rent.” R. PI.-Com., 105, b. Arch., pi. and ev., 94.
The matter of a plea in bar must consist of such facts and circumstances as amount to a complete defence to the action or to such part of the declartion as it purports to answer, and whether the matter of defence be founded on a public or private statute; the plea must state all the facts and circumstances necessary to bring it within the statute. Arch., 171. The replication in this case is,.“That plaintiff ought not to be barred from hi^ action against defendant, because he says that before and at the timé said causes of action accrued to said'plaintiff, the said plaintiff was in fact beyond seas, to wit, at New-York,” &c. Now, may not this be literally true, and yet not bring the case of plaintiff within the saving of the statute, nor be an answer to or in avoidance of the plea ? A party’s pleading is to be taken most strongly against himself and most favorable for his adversary, and when anything is omitted which is necessary tp give *385 certainty to the statement, it shall be taken most strongly against him. Co. Litt., 303, b. In this replication there is an omission of the facts we have deemed material to relieve plaintiff from the bar. He does not allege that he was beyond seas when the action accrued, nor that, being entitled to the action when it accrued, he was beyond seas at that time, but that “ when the cause of action accrued to him, theplaintif, he was beyond seas.” Now, if this were a sufficient reply to the plea, notes due and long since barred, might be revived by transfer, so as to evade the statute, to a person beyond seas at the time the action eithe'r accrued or at the time it was transferred. It is argued that plaintiff could not reply a different time of transfer of the note to that set forth in the declaration on account of the departure, but we think differently. If the plaintiff in his replication vary from his count in anything, not material, it is no departure, as in assumpsit if the plaintiff allege a promise twenty years before, and to a plea of the statute of limitations replies assumpsit infra sex annos, it is no departure, for the time of promise in the declaration was not material. Arch., pi. and ev., 260.
The form of a replication given in Story on Pleadings, is that “ he, the said plaintiff, at the time when the cause of action in said declaration mentioned accrued, was in foreign parts beyond seas, omitting the words ‘ to the plaintiff.’ ” P. 71. This differs from the form in Chitty’s Pleadings, which also differs from ■ Precedents by Joseph Chitty, Jr., written some twenty years after the work of his father. The words “ to the plaintiff,n affer “accrued,” also omitted as by Judge Story,; thus showing a change in the mode of regarding this subject by the English Courts, in accordance with, and sustaining, the view we have expressed. 1 Chitty’s Precedents, 346.
. Nor do we think there is hardship imposed upon the plaintiff by this course of pleading. By the lapse of five years prescribed by the statute, his note is prima facie barred — in contemplation of law is extinguished, and the remedy for its recovery gone. Should he not under such circumstances, be held to allege and prove affirmatively, every fact and circumstance required by statute to revive the right and to bring him within the saving ?
Defences, under these statutes, are more favorably regarded and not discountenanced, in England and in this country, than they were formerly. The Supreme Courts of the United States, agreeing with *386 other enlightened Courts in the States, have, on repeated occasions, “ declared them statutes of repose, as resting upon sound policy, and tending'to the welfare and peace of society. The Courts do not now, unless compelled by former decisions, give a strained construction to evade their effect. By requiring those who complain of injuries, to seek redress by action within a reasonable time, a salutary vigilance is imposed and an end is put to litigation.” 3 Cond. Rep., 51., 3 Peters, 270.
We are, therefore, of opinion, that the replication of. plaintiff is bad, and should have been overruled. It is, therefore, considered by the Court, that the judgment of the Circuit Court, and the verdict of the jury, be, and the same is hereby reversed and set aside, and the cause remanded to that Court, with liberty to the plaintiff to reply over and for other proceedings not inconsistent with this opinion.