FLORENCE GILLESPIE, *Appellant,* v. THE FLORIDA MORTGAGE & INVESTMENT COMPANY, LIMITED, a Corporation, et al., *Appellees.*

Division B.

Opinion filed June 21, 1928.

Petition for rehearing denied December 5, 1928.

36

*Abbott & Gaulden,* for Appellant.

*Perry, Williams & Williford,* for Appellees.

WHITFIELD, P. J.—In a suit to quiet title brought January 4th, 1927, by the appellant against the appellees, it is in effect alleged that complainant is the owner in fee simple of Lots 2, 4, 6, 8, and 10, Block 6, Town of Sarasota; that she acquired the title by descent or inheritance from her father George A. Cason; that complainant was born December 22, 1900; that she is the only issue of the marriage of her parents, George A. Cason and Anna E. Cason; that on November 4, 1903, under a conveyance of the described lands to him, George A. Cason, with his wife and their child, the complainant, occupied the described lands as the family homestead and continued such occupancy until May 16, 1907; that there appears of record a warranty deed dated March 30, 1905, covering the described homestead real estate, from George A. Cason as grantor to his wife, Anna E. Cason as grantee; that on December 31, 1906, the said George A. Cason was duly adjudged to be insane and a guardian for him was duly appointed and qualified; that no proceedings were taken to restore George A. Cason to sanity or to revoke or remove the guardianship; that on May 16, 1907, Anna E. Cason and George A. Cason executed to J. H. Lord a warranty deed covering the described homestead real estate, which was duly recorded and J. H. Lord went into possession of the property and has since remained in possession thereof except such portions as have been sold to and occupied by others; that George A. Cason

died insane September 20, 1917, leaving complainant as his only heir.

A demurrer to the bill of complainant was sustained and the bill dismissed, the decree stating: ''It affirmatively appears from the sworn bill that the statutory period within which complainant had a right to bring this action had expired before the date upon which the bill was filed herein, in that the right of action with respect to real estate in controversy accrued on May 16th, 1907, to one George A. Cason, then insane and under guardianship; that said insanity and guardianship continued until the 'death of the said George A. Cason on the 20th day of November, 1917, and that this action was brought by his heir-at-law on the 4th day of January, 1927, more than seven years after his death, neither the complainant nor her ancestor having been in possession since the 16th day of May, 1907; the complainant not being allowed to tack her disability of infancy to her father's disability of insanity, existing when the cause of action accrued, to prolong the suspension of the Statute of Limitations.'' Complainant appealed.

Sec. 2937 Rev. Gen. Stats. 1920, Sec. 4657 Comp. Gen. Laws, 1927, provides: ''If a person entitled to commence any action for the recovery of real property, or to make an entry or defense founded on the title to real property, or to rents or services out of the same be at the time such title shall descend or accrue, either: 1, within the age of twenty-one years; 2, insane; or 3, imprisoned, the time during which said disability shall continue shall not be deemed any portion of the time in this chapter limited for the commencement of such action, or the making of such entry or defense; but such action may be commenced, or entry or defense made, within the period of seven years after such disability shall cease, or after the death of the person entitled who shall die under such disability; but such action

shall not be commenced, or entry or defense made, after that period.

"But adverse possession as hereinbefore defined for thirty years shall confer title even as against persons under the disabilities mentioned in this section.

"A married woman may prosecute any action concerning her land, in her own name, and without joining her husband."

In the absence of a saving clause a statute of limitations runs against all persons, whether under disability or not. 37 C. J. 985. When a statute of limitations begins to run, no subsequent disability will prevent it from running. See Barnett v. Herring, 1 Fla. 387; Wade v. Doyle, 17 Fla. 522; Doyle v. Wade, 23 Fla. 90, 1 So. R. 516. Where a cause of action arises during the life of an ancestor, resting under a disability, such disability ceases and the statute begins to run upon the death of such ancestor; and the statute is not suspended by any statutory disability of the heir at the time of the descent cast. 37 C. J. 1031; Davis v. Coblens, 174 U. S. 719, 19 Sup. Ct. R. 832; Doyle v. Wade, 23 Fla. 90, 1 So. R. 516, 11 Am. St. R. 334.

The disabilities that prevent the running of the statute of limitations in actions to recover real property as stated in the statute are infancy, insanity and imprisonment; and the disability must exist at the time the title descends or the right of action accrues. This is the intent and meaning of the statute. By the terms of the statute the action may be commenced within the period of seven years after the disability shall cease, or after the death of the person entitled who shall die under such disability; but such action shall not be commenced after that period.

Where the face of a bill in chancery shows a case barred by the statute of limitations, and no circumstances are stated which take the case out of the operation of the act

the defendant may take advantage of it by demurrer. Dees.v. Smith, 55 Fla. 652, 46 So. R. 173; Erickson v. Citizens Ins. Co. of Missouri, 66 Fla. 154, 63 So. R. 716.

Assuming that the attempted conveyance by George A. Cason to his wife was void, the property being the homestead real estate and there being a child, and assuming that the attempted conveyance by Anna E. Cason and George A. Cason to J. H. Lord was void because George A. Cason was insane, the right of George A. Cason to recover the property accrued on the day the property was possessed by J. H. Lord, and such right continued until the death of George A. Cason, while still insane, on September 20, 1917; therefore, George A. Cason was entitled to bring the action when he died under the disability of insanity; and by the terms of the statute, the action might be brought within seven years after the death of the person entitled to recover who shall die under disability. This suit was brought more than seven years after the death of George A. Cason. The statute does not extend the limitation of seven years because of the infancy of heirs, but it expressly provides that the action shall not be commenced after seven years from the death of the person entitled to sue who died under disability.

Affirmed.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.