ANNA LEE SLAUGHTER, a minor, by M. S. Slaughter, as her next friend, v. L. V. TYLER.

171 So. 320.
Division B.
Opinion Filed December 14, 1936.

*Evan Evans,* for Plaintiff in Error;

*Harry T. Gray* and *Marks, Marks, Holt, Gray & Yates,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment in favor of defendant upon replication admitting to be true Pleas numbered 5 and 6, as follows: "5. That the alleged cause of action did not accrue within three years before this suit. 6. That the alleged cause of action did not accrue within four years before this suit."—which pleas were interposed to an amended declaration which was filed September 16, 1935, pursuant to the institution of the suit on the 19th day of February, 1935, and in which declaration it was alleged in effect that the defendant Tyler on the

first day of January, 1929, was a physician and surgeon practicing and holding himself out as such to the public in Jacksonville, Duval County, Florida, and that plaintiff suffered a laceration of her right arm, which laceration cut and severed certain tendons and muscles at a point above the elbow and that at that time and place the defendant was employed to render to the plaintiff such medical and surgical attention as might be necessary for said laceration and that defendant then and there undertook and entered upon such employment.

It is then alleged in effect that it became the duty of the defendant to perform the services of a surgeon in a proper, careful and skillful manner but that the defendant failed to properly perform that duty and carelessly and negligently failed to sew together the tendons and muscles but sewed up the flesh of plaintiff's arm without having performed the further duty of sewing together the tendons and muscles.

The declaration then alleges that plaintiff was damaged by the careless and negligent performance of the operation by the defendant.

The declaration alleges that Anna Lee Slaughter, the plaintiff, is a minor.

So, the question presented here is whether or not the statute of limitations with respect to personal injury actions runs against a minor.

In Palmer v. Jackson, 62 Fla. 249, 57 Sou. 240, this Court held that an action against a physician for malpractice is barred by the statute of limitation prescribed in paragraph 5 of Section 2939 R. G. S., 4663 C. G. L., which is as follows:

"5. Within Three Years.—1. An action upon a liability created by statute, other than a penalty of forfeiture;

2, an action for trespass upon real property; 3, an action for taking, detaining or injuring any goods or chattels, including actions for the specific recovery of personal property; 4, an action for relief on the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting fraud; and 5, an action upon contract, obligation or liability not founded upon an instrument of writing, including an action for goods, wares and merchandise sold and delivered, and on store accounts."

In Gillespie v. Fla. Mortgage & Investment Co., 96 Fla. 35, 117 Sou. 708, we held:

"In the absence of a saving clause a statute of limitations runs against all persons, whether under disability or not. 37 C. J. 985. When a statute of limitations begins to run no subsequent disability will prevent it from running. See Barnett v. Herring, 1 Fla. 387; Wade v. Doyle, 17 Fla. 522; Doyle v. Wade, 23 Fla. 90, 1 So. Rep. 516. Where a cause of action arises during the life of an ancestor, resting under a disability, such disability ceases and the statute begins to run upon the death of such ancestor; and the statute is not suspended by any statutory disability of the heir at the time of the descent cast. 37 C. J. 1031; Davis v. Coblens, 174 U. S. 719, 19 Sup. Ct. R. 832; Doyle v. Wade, 23 Fla. 90, 1 So. R. 516, 11 Am. St. R. 334."

The text of Corpus Juris referred to in the above citation is found in Section 370 of the page and volume mentioned and reads as follows: ·

"Disabilities.—1. In General. The saving of the operation of limitations by reason of disabilities depends on the statute as it existed at the time the cause of action accrued; in the absence of such a saving clause, the statute runs against all persons, whether under disability or not; and

when exceptions in favor of persons under disability are made they should be strictly construed and never extended beyond their plain import or to disabilities not enumerated in the saving clause, although the repeal of such statutory exceptions by a later Act containing no exceptions should not be declared if there is no necessary conflict between the provisions. Mere doubt as to a right, or difficulty in the way of its assertion, will not operate as an exception. Apart from the disabilities expressed in the statute itself, in order to prevent the 'operation of limitations there must be some insuperable barrier, or some certain and well defined exception clearly established by judicial authority."

In 37 C. J. 1018, it is said:

"The exemptions from the operation of statutes of limitations commonly granted to infants do not rest upon any fundamental doctrine of the law, but upon the legislative will expressed in the statutes; infants could be put upon the same footing as adults in this respect, and unless excepted they so stand. Where a suit is a purely derivative one, infancy of plaintiff does not except him from the bar of the statute of limitations. In many jurisdictions, by express statutory enactment, or by judicial construction, where the statutes excepts persons laboring under disabilities from its operation, without mentioning infants specifically, infants are within the saving clause of the statute, if it is purely a statute of limitation, affecting the remedy and not the right, and the statute does not run against them during such disability, even where such infant has a guardian who might maintain the action in his or her name, provided the title or right of action is in the infant."

And so it is that we must look to the statute to determine whether or not the statute of limitations applying to personal actions for damage such as is here involved runs

against a minor suffering such damage in the manner alleged in this declaration.

In the Act of November 10, 1828, it was provided:

"All actions of assault, menace, battery, wounding and imprisonment, or any of them, which shall be sued or brought, shall be commenced and sued within the time and limitation hereafter expressed, and not after, that is to say, the said actions upon the case other than for slander, and the said actions for account, and the said actions for trespass, debt, detinue, and replevin for goods and chattels, and the said actions of trespass *quare clausum fregit,* within five years next after the cause of such action, or suit, *and not after,* and the said actions of trespass, assault, battery, wounding, imprisonment, or any of them, within three years next after the cause of such actions or suits, and not after;" (See Thompson's Digest, Laws of Florida, page 442).

And in the same Act it was provided:

"If any person or persons, that is or shall be entitled to any such actions of trespass, detinue, actions *surtrover,* replevin, actions of account, actions of debt, actions of trespass for assault, menace, battery, wounding, or imprisonment be, or shall be at the time of any such cause of action given or accrued, fallen or come within the age of twenty-one years, *feme covert, non compos mentis,* imprisoned, beyond the seas, or out of the country, then such person or persons shall be at liberty to bring the same actions, so as they take the same within such times as are before limited, after their coming to or being of full age, discovert, of sane memory, at large, and returned from beyond the seas, or from without this country, as by other persons having no such impediment should be done." (See Thompson's Digest, Laws of Florida, page 443.)

In 1872 the Legislature enacted Chapter 1869. See Mc-Clelland's Digest, Laws of Fla., page 730, *et seq.* This was a comprehensive revision of the statutes regarding limitations of actions and Section 9 thereof provided as follows:

"Sec. 9. If a person entitled to commence any action for the recovery of real property, or to make an entry or defence founded on the title to real property, or to rents or services out of the same, be, at the time such title shall first descend or accrue, either: First, within the age of twenty-one years; or, second, insane; or, third, imprisoned; or fourth, a married woman, the time during which such disability shall continue shall not be deemed any portion of the time in this Chapter limited for the commencement of such action, or the making such entry or defence; but such action may be commenced, or entry or defence made within the period of seven years after such disability shall cease, or after the death of the person entitled who shall die under such disability, but such action shall not be commenced, or entry or defence made, after that period."

Section 10 of that Act was as follows:

"Actions other than those for the recovery of real property can only be commenced as follows: Within twenty years; first, an action upon a judgment or decree of any court of the United States, or of any State or Territory within the United States; an action upon any contract, obligation or liability founded upon an instrument of writing, under seal twenty years, not under seal five years. Within three years: first, an action upon a liability created by statute, other than a penalty or forfeiture; second, an action for trespass upon real property; third, an action for taking, detaining or injuring any goods or chattels, including actions for the specific recovery of personal property; fourth,

an action for relief on the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud; an action upon a contract, obligation or liability not founded upon an instrument of writing, except an action on an open account for goods, wares and merchandise. Within two years; first, an action upon a statute for a penalty or forfeiture; second, an action for libel, slander, assault, battery or false imprisonment; third, an action on an open account for goods, wares and merchandise sold and delivered, and an action for any article charged in a store account, shall not be barred until four years."

Sec. 14 of the Act provided:

"If, when the cause of action shall accrue against a person, he is out of the State, the action may be commenced within the term herein limited after his return to the State; and if after the cause of action shall have accrued he depart the State, the time of his absence shall not be part of the time limited for the commencement of the action."

So, it is observed that, while the statute specifically provided that the limitations therein prescribed should not apply to any person entitled to commence any action for the recovery of real property or to make an entry or defence founded on the title to real property, or to rents or services out of the same, who at the time at which the right accrued was within the age of twenty-one years, or insane or imprisoned, or a married woman, the time during which such disability shall continue, should not be deemed a portion of the time in that Act limited for the commencement of such actions or the making of such entry or defence. But it was provided that such action might be commenced or entry or defence made within the period of seven

years after such disability shall cease or after the death of the person entitled who should die under such disability. But these exceptions were not made applicable to actions based upon damages for personal injuries.

In Sec. 2937 R. G. S., and in Sec. 4657 C. G. L., the provisions of Section 9 of Chapter 1869 are brought forward without amendment. There is no statute in force in this State suspending the statute of limitations in personal actions on account of the minority of the claimant and none has existed since 1872. By Act of December 13, 1861, all statutes of limitations were suspended in this State. The Act was repealed in 1872. See Spencer v. McBride, 14 Fla. 403, text 409.

The plaintiff in error relies with confidence on the statement in the opinion in Franklin Insurance Co. v. Thorpe, 118 Fla. 832, 160 Sou. 199, in which we said:

"As against the minor, the statute of limitations would not begin to toll until he has reached his majority. He could not be charged with laches until he has reached his majority. Neither could he be held to be estopped by any conduct of his own in regard to the contract of insurance."

The opinion in that case was written by the present writer and the statement above quoted was dictum. The writer feels that that is no good excuse, however, for the language to have been included in the opinion because it constitutes an expression contrary to the law of this State and is now overruled. Plea No. 5 above referred to was a good plea to the amended declaration. So, the judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.