**NEW YORK TIMES COMPANY et al.,**
**Appellants,**
**v.**
**Eugene CONNER et al., Appellees.**
**No. 18589.**

United States Court of Appeals
Fifth Circuit.
June 14, 1961.

Rehearing Denied Aug. 10, 1961.

Thomas F. Daly, New York City, T. Eric Embry, Roderick M. MacLeod, Jr., Birmingham, Ala., Saul L. Sherman, New York City (Herbert Wechsler, Ronald S. Diana, New York City, Beddow, Embry & Beddow, Birmingham, Ala., Lord, Day & Lord, New York City, of counsel), for appellant.

B. P. Gambrell, John E. Dougherty, Atlanta, Ga., Amicus Curiae, Atlanta Newspapers.

Kirkland, Ellis, Hodson, Chaffetz & Masters, Howard Ellis, Don H. Reuben and George D. Newton, Jr., Amicus Curiae, Tribune Co., Chicago, Ill.

James E. Simpson, Francis H. Hare, Neal C. Newell, William L. Clark, Birmingham, Ala., Wm. Hugh McEniry, Bessemer, Ala., James A. Simpson, Francis H. Hare, Jr., Birmingham, Ala., J. Howard McEniry, Jr., Bessemer, Ala. (Lange, Simpson, Robinson & Somerville, Hare, Wynn & Newell, Birmingham, Ala., McEniry, McEniry & McEniry, Bessemer, Ala., of counsel), for appellees.

Before TUTTLE, Chief Judge, RIVES, Circuit Judge, and DE VANE, District Judge.

TUTTLE, Chief Judge.

This is an appeal from an order denying a motion by appellants, The New York Times Company and Harrison Salisbury, residents of New York and Connecticut, respectively, to quash service of process in Alabama, perfected by the Alabama plaintiffs under the Alabama Substituted Service Statute, § 199(1), 1955 Cum.Sup. to Volume II, Code of Alabama, 1940, Tit. 7.[1] We granted the motion for interlocutory appeal under the provisions of 28 U.S.C.A. § 1292(b).

Seven different suits were filed in the district court against one or both of the appellants. For the purpose of hearing the motions to quash service, the suits were consolidated. They are also consolidated for this appeal.

The facts essential to the disposition of this appeal are not in dispute. As found by the trial court, it appears that Salisbury, acting under instructions from The New York Times, went to the state of Alabama, and was in that state on April 1, 2, 6, 7 and 8, 1960, as an employee of The Times, and on said dates performed work or service for The Times. His assignment to Alabama was "for the purpose of looking into race relations and to obtain background information for an article, or articles, about the South to be published in the New York Times; during the days April 6, 7 and 8, Salisbury toured various areas of Jefferson County, Alabama, including Birmingham and Bessemer, studied newspaper clippings, interviewed various persons in the city of Birmingham, making author's notes concerning matters he had observed and information he had obtained in interviews"; after leaving the state of Alabama Salisbury wrote an article which was published in The New York Times on April 11th. The article bore a dateline "Birmingham, Ala., April 8."

There was proof touching on circulation, advertising solicitation and the writing of articles on several occasions by Alabama residents for publication in The Times. However, the trial court held that there was insufficient evidence to support the attempted service under the general venue statute on the theory that The Times was present in the state

[1] "Any non-resident person, firm * * * or any corporation not qualified * * * as to doing business herein, who shall do any business or perform any character of work or service in this state shall, by the doing of such business or the performing of such work, or services, be deemed to have appointed the secretary of state * * * agent of such non-resident, upon whom process may be served in any action accrued or accruing from the doing of such business, or the performing of such work, or service, or as an incident thereto by any such non-resident, or his, its or their agent, servant or employee."

at the time the suits were filed. Thus, the only question is whether service could be had under the Substituted Service Statute quoted in footnote 1, supra. Of course, such activities by The Times, even though they were sufficient to justify service on it as being present in the state would not have subjected the personal defendant, Salisbury, to service of process in Alabama unless he was to be found there.

■ It is not seriously disputed by the appellees that the alleged libels, for which the suits were brought, constituted a cause of action only when publication occurred. That was in New York. The Supreme Court of Alabama, dealing with the question of where a libel occurs within the state of Alabama, has said:

"Summarizing our conclusions, as above indicated, we hold that in an action for libel against a newspaper the injury—the breach of duty—occurs, within the meaning and application of the venue statute, at the place where the newspaper is primarily published * * *" Age-Herald Pub. Co. v. Huddleston, 207 Ala. 40, 45, 92 So. 193, 198, 37 A.L. R. 898.

It is thus clear that whatever else may be in dispute, none of the activities of Salisbury, and therefore of The Times, performed or done in Alabama, ripened into a cause of action in that state.

Appellants attack the correctness of the trial court's order on two grounds. First, they say that the Alabama statute does not apply to the facts of this case, and second that if the Alabama statute is so applied, it would be repugnant to the due process clause of the 14th Amendment in that it would interfere with the freedom of the press and thus abridge the privileges and immunities of citizens of the United States guaranteed under the First Amendment. See Gitlow v. People of State of New York, 268 U.S. 652, 666, 45 S.Ct. 625, 69 L.Ed. 1138, and Smith v. People of State of California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205.

We have noted the same duality of issues recently in Stanga v. McCormick Shipping Corporation, 5 Cir., 268 F.2d 544, 548:

"In determining the sufficiency and validity of service of process on a foreign corporation under the laws of the forum state, the problem divides itself along lines of state and national interest. The first part is to ascertain whether the state law means to encompass the challenged service. This question—at least as to diversity cases which this one is —is wholly a matter of state law. [Citations omitted.] The second is conditioned on an affirmative answer to the first, and then presents the problem whether the state law as thus applied offends the Federal Constitution."

We turn first to a consideration of the construction of the Alabama statute because if it is construed as not authorizing service upon a foreign party in the circumstances of this case, we do not reach the constitutional question. The appellees contend that the Alabama Substituted Service Statute is as broad as is permissible for such a statute to be while remaining within constitutional limitations. They say that we should hold that if any statute authorizing service on a foreign corporation or person by reason of the relationship of such foreign corporation or person with the state of Alabama could subject these defendants to service on the facts before us, then this statute covers this case. Appellants, on the contrary, contend that the state of Alabama has not exhausted its constitutional rights in adopting the particular statute here in question; that, in other words, the statute authorizes service only if a completed cause of action arises within the state of Alabama from the business done or the work or service performed there.

■ Undoubtedly the rule of construction of such a statute, being one in contravention of the general rule that a party is not subject to suit in personam

outside his own jurisdiction, is that the statute must be strictly construed. In Vidal v. South American Securities Co., 2 Cir., 276 F. 855, at page 867, the Court said:

"The courts in construing the statute have said in a number of cases that an act which undertakes to give courts jurisdiction over nonresidents, who do not come within the district for purposes of residence or business, should be strictly construed and not enlarged by liberal construction."

In Settlemier v. Sullivan, 97 U.S. 444, at page 447, 24 L.Ed. 1110, the Supreme Court said:

"The substituted service in actions purely *in personam* was a departure from the rule of the common law, and the authority for it, if it could be allowed at all, must have been strictly followed."

We thus look at the precise words of the Alabama statute to determine whether they permit service on a nonresident in every case in which the cause of action is in any way connected with, or in any way results from, the business done or the work or service performed in the state or only in those cases in which the cause of action has completely ripened within the state. The critical language of the statute is, "in any action accrued or accruing from the doing of such business, or the performing of such work, or service, or as an incident thereto by any such non-resident."

This language may be compared with the language of the Louisiana statute in order to evidence possible differences which may produce different results. Appellee contends the two are to be read as meaning the same thing. The Louisiana statute is found in the LSA–Revised Statutes 13:3471, subd. 5(d). It provides as follows:

"(d) If the corporation is not one required by law to appoint an agent for service of process *but has engaged in business activities* in this state through acts performed by its employees or agents in this state, service of process in any proceeding on a cause of action *resulting from or relating to such acts performed in this state* or any taxes or other obligations arising therefrom may be made on any employee or agent of the corporation, over eighteen years old, found in this state, or * * * on the Secretary of State * * *" [Emphasis added].

It is thus seen that substituted service is provided for under the Louisiana statute if the cause of action either *results from* or *is related to* the acts performed in that state; whereas the Alabama statute provides that substituted service can be had only if the cause of action sued on accrued from the doing of such business or the performing of such work or service. We think this difference is decisive of the case before us. Practically every decision with which we are familiar has construed the word "accrue" in connection with the accruing of a cause of action as meaning becoming complete so that the aggrieved party can begin and prosecute such action. See 1 Words and Phrases, Accrue: Accrued, p. 582. This is the Alabama rule. In LaRue v. C. G. Kershaw Contracting Co., 177 Ala. 441, 59 So. 155, 156, the Alabama Supreme Court said: "Cause of action accrues as soon as the party aggrieved is entitled to begin and prosecute such action." In Provident Life & Accident Ins. Co. v. Heidelberg, 154 So. 809, 811, the Alabama Supreme Court used this same language, as it did also in Esslinger v. Spragins, 236 Ala. 508, 183 So. 401, 405. No materially different definition has been adopted in any court opinion pointed out to us.

This leaves only the question whether the words, "or as an incident thereto," require any different construction of this statute. It is to be noted that the trial court, in its conclusions, held that, "the article complained of by the plaintiffs, which appeared in The New York Times, and any causes of action accruing therefrom, were an incident to the perform-

**496**

ance of work or service in the state of Alabama by Mr. Salisbury." We think it plain that this statute means that the cause of action must have accrued, in the sense in which we have defined it, from some business or service performed in Alabama or from some act incidental to the performance of such business or service there. Clearly the publishing of the alleged libel in New York cannot be held to be "an incident to" the performance of Salisbury's business or service in Alabama. It might, with some reason, be argued, although we, of course, do not decide, that under a statute like that of Louisiana an ordinary publication in New York might have "resulted from" or might have been "related to" news-gathering activities in Alabama.[2] But that is not the language of this statute.

■■ The Alabama law requires that before service may be had on the Secretary of State a completed action must have arisen from the acts done in Alabama. We think it too plain for argument that no such cause of action arose from the work done or from anything incidental thereto.

■ Accordingly we conclude that we do not reach the constitutional question, although it may be appropriate to say that were we to construe the statute differently the court would be faced with a serious constitutional question. This, of course, is a further reason for construing the Alabama statute strictly as we have if it is reasonably susceptible to such construction, since courts ordinarily will, if possible, construe statutes in a manner which will avoid not only declaring them unconstitutional, but also passing on grave constitutional questions. National Labor Relations Board v. Jones & Laughlin Steel Corporation, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893. Also see cases cited at 11 Am.Jur. § 97, footnote 13. This is the Alabama rule. Alabama State Federation of Labor v.

McAdory, 246 Ala. 1, 18 So.2d 810, 815, certiorari denied 325 U.S. 450, 65 S.Ct. 1348, 89 L.Ed. 1725.

The judgment of the trial court must be reversed and the cases remanded with directions to enter a judgment for the defendants on the motions to quash the service of process.

Reversed and remanded.

2. It is not at all clear that even in such a case, this *tortious* act of defamation or libel, which presupposes the *false* depiction of what the newsgatherer actually saw and heard in Alabama could be said to have been "related to" or to have "resulted from" the acts performed in Alabama.