WALDEN, Judge
(dissenting).
This appeal concerns the application of the four-year Statute of Limitations (F.S. 95.11(4), Laws of 1964) to the tort claim of an infant, Julie Pastoría.
In March 1964 there was an automobile collision, Julie Pastoría, four years of age, was thereby orphaned and, in addition, suffered serious personal injuries. In Novem *902 ber 1965 she was adopted. In April 1968 Julie’s adoptive parents filed a negligence suit against the defendants for Julie on account of her damages resulting from the collision.
The trial court decided that the limitation period began to run on the date of the accident and, therefore, ruled that the action was barred by the Statute of Limitations. Of course, the suit would have been timely had the statutory limitation period been measured beginning on the date of adoption.
Other than the mentioned adoption, Julie has not in fact had a parent, guardian, next friend or other legal representative capable of bringing a suit on her behalf. See 17 Fla.Jur., Infants, § 31 et seq.
Remembering that an infant is a ward of the court and that it is the court’s bounden duty to see that an infant’s rights and interests are protected, I would reverse. It is my conviction that the Statute of Limitations is not to be literally applied, without exception, in instances such as this. I feel and believe that the rule should be, since Florida currently is without a rule, that the Limitations Statute was suspended or tolled by reason of Julie’s disability of infancy coupled with her lack of a parent, guardian or next friend.[1] In other words, the statute here began to run commencing on the date of her adoption, and not before.
At common law a child under seven cannot commit a crime. In Florida a child under six years of age is conclusively presumed as a matter of law to be incapable of committing contributory negligence. Swindell v. Hellkamp, Supreme Court of Florida, 242 So.2d 708, November 25, 1970. It seems grotesquely inconsistent to here rule that a four-year old orphan is bound to somehow go out and obtain a parent, a guardian, or a next friend and get them to file her suit within the limitation period under penalty of the forfeiture of her lawful claim for damages and recompense.
The statute is not always so strictly applied. For instance, it is tolled where the plaintiff does, in fact, suffer an injury and does not become aware of it.[2] Also, where a right of action accrues after the death of the person entitled to sue, the statute does not begin to run until there is an administration of the estate and an administrator *903 appointed.[3] I submit that the analogy is clear. A cause of action does not accrue until the injured party has knowledge and there is a person in existence authorized and able to maintain the suit. New York Times Co. v. Conner, 5 Cir. 1961, 291 F. 2d 492.
The only Florida case touching even slightly upon the situation is Slaughter v. Tyler, 1936, 126 Fla. 515, 171 So. 320. It held that the Statute of Limitations did run against the claims of a minor, But, there the minor at all times had parents in existence and legally capable of prosecuting the minor’s action, which circumstance distinguishes that case from the instant problem.
To illustrate the manifest incongruity of the principle applied in the trial court and approved here, suppose that an airplane should crash in the jungle killing the parents and leaving their infant child as a survivor in the hands of savages. The statute would begin to run and if four years should elapse before the suit was filed the infant’s tort claim would be barred under such literal application of the limitation statute. This, despite the disability of infancy and the lack of a responsible person to bring an action for the infant. It reminds of the legal dilemma which might have been faced by the mythical founders of Rome, Romulus and Remus, who as infants were thrown into the Tiber River but rescued, suckled and raised by a she-wolf. Also, to like reflection is the well known fictional story of Burrough’s, Tarzan and the Apes, and Kipling’s Mowgli, the Jungle Boy.
About the supposition or proposition that a next friend could always have come forward in Julie’s behalf, it is true. It is also true that a court could have provided a guardian or a parent for Julie during the critical period. But, the fact is that no next of friend came forward and no guardian was appointed. We can test the soundness of such argument by employing simple logic: If it be contended that “a next friend could have brought suit,” this presupposes the existence of a next friend. This is not established as a matter of fact and hence must be presumed to be a matter of law, or in syllogistic form: (1) all minors have next friends, (2) Julie is a minor, * * *. Julie has a next friend. But the original premise is fallacious. There is no proof that all minors have next of friends nor that this particular minor has a next of friend. In fact the definition of next friend is to the contrary, for by definition[4] a next friend is one who acts voluntarily on behalf of a minor, and since no one acted on her behalf we must conclude that Julie had no next friend. To put this logic in a practical framework, it is manifestly unfair to penalize an innocent child for the inaction of others, especially where there is no showing that those persons exist or were in any way under any duty, requirement, authorization, or direction to act. A next of friend is by definition volitional,[5] where there is no volition, there is no next friend. Q.E.D.
In sum, the Statute of Limitations should be tolled as concerns the tort claim of an infant where and while such infant has neither parent, guardian, next friend, or other legal representative in existence capable of bringing suit for and on behalf of such minor.
*904 I respectfully dissent from the majority decision to simply affirm, without opinion.
I would reverse.[6]

. “At common law an infant was under disability and without legal capacity to contract or to act in his own name in asserting a right in any legal proceeding. Ho could neither sue nor defend a suit in his own name. So long as he was without guardian limitations of time were tolled during the continuance of the disability. This common-law rule still prevails in this State, except as it may have been modified by statute.” Lineberry v. Town of Mebane, 1941, 219 N.C. 257, 13 S.E.2d 429 at 430.

. Where at the time of x-ray treatment plaintiff was aware of nothing indicating any injury, statute of limitations respecting injury which first manifested itself approximately five years later, did not commence to run until plaintiff was first put upon notice that she had sustained an injury, or had reason to believe that her right of action had accrued. City of Miami v. Brooks, Fla. 1954, 70 So.2d 306. Where a beneficiary who filed her amended bill of complaint in an action on a life insurance policy in May 1935, had been ignorant of existence of policy until November 1930, when she commenced corresponding with the insurer, beneficiary’s action on policy was not barred by 5 year period of limitations notwithstanding insured died in March 1926. Franklin Life Ins. Co. v. Tharpe, 1938, 130 Fla. 546, 178 So. 300, reh. den. 131 Fla. 213, 179 So. 406. Inasmuch as plaintiff husband and wife could not have been aware of a cause of action sounding in negligence with respect to defendant physician’s female sterilization procedure until wife became pregnant, suit filed within two years after conception was timely, although it was filed more than four years after the procedure liad been performed by defendant. Vilord v. Jenkins, Fla.App.1969, 226 So. 2d 245. See also Miami Beach First Nat. Bank v. Edgerly, Fla.1960, 121 So.2d 417, 82 A.L.R.2d 927.

. Section 734.27, F.S.1969, F.S.A.; Berger v. Jackson, 1945, 156 Fla. 251, 23 So. 2d 265.

. “A next friend is one who, without being regularly appointed guardian, represents an infant plaintiff. * * * “It is not usual, unless a statute requires it, that a next friend should be appointed by the court, but the next friend of his own initiative commences the action and is under the supervision of the court.” Russiek v. Hicks, W.D.Mich. 1949, 85 F.Supp. 281, at 283.

.See footnote 4.

. N.B. Since this is a dissenting opinion and, therefore, without force, it is to be hoped that the legislature will recognize the hardship being accorded to infants under this court’s decision and that they will create a specific and express exception for them in the Statutes of Limitation. See 51 Am.Jur.2d, Limitations of Actions, § 182, which reflects that in practically all states such exceptions are provided.