ON REHEARING
REED, Judge.
On consideration of a timely petition for rehearing the same is denied and the conclusion of this court that an affirmance is required is adhered to; however, the per curiam decision to affirm is withdrawn and the following is substituted as the majority opinion.
Appellant was the plaintiff below, appel-lee Elbon Kicklighter was the defendant. On 3 March 1964 defendant Elbon Kick-lighter operating an automobile owned by one Marjorie Horner was involved in an intersectional collision with a vehicle containing lia Pastoría and her daughter, Julie Pastoría (now Julie Gasparro). lia Pas-toría was killed in the accident leaving Julie a minor orphan. She was adopted by the plaintiff, Vincent Gasparro, on 24 November 1965.
On 11 April 1968 Vincent Gasparro, as parent, guardian and next friend of Julie Gasparro, a minor, filed a complaint against the defendant Elbon Kicklighter and Majorie Horner for damages caused by the automobile accident which occurred more than four years prior to the commencement of the action. The complaint alleged that defendant Kicklighter negligently operated Horner’s automobile thereby injuring Julie Gasparro. Defendant Kicklighter filed his answer alleging as an affirmative defense that the four year statute of limitations, Section 95.11(4), F.S. 1967, F.S.A., had run. On 1 December 1969 defendant Kicklighter filed a motion for judgment on the pleadings. The trial court granted the motion and entered a final judgment on 14 January 1970 in favor of defendant Kicklighter from which the plaintiff appeals.
As stated by appellant the point on appeal is:
“Whether the trial court erred in ruling that the subject suit was barred by the statute of limitations.”
Section 95.11, F.S.1963, F.S.A. states: “Actions other than those for the recovery of real property can only be commenced as follows * * * (4) Within four years— any action for relief not specifically provided for in this chapter.” In Manning v. Serrano, Fla. 1957, 97 So.2d 688, the Florida Supreme Court held that the four year statute of limitations is applicable to negligence actions of the type now before the court.
The questions raised by the point on appeal are: (a) when did the cause of action accrue and, (b) did Julie Gasparro’s disability of infancy operate to suspend or toll the running of the statute of limitations.
As to when the cause of action accrued, in Seaboard Air Line Railroad Company v. Ford, Fla.1955, 92 So.2d 160, the Florida Supreme Court stated:
“Generally, in actions for personal injuries resulting from the wrongful act or negligence of another, the cause of action accrues and the statute begins to run from the time when the injury was first inflicted * * (Emphasis added.)
The plaintiff asserts that the cause of action did not accrue until Julie was adopted and, thus, she had four years from that date within which to bring suit. Plaintiff claims that since Julie was adopted in November 1965 her cause of *905 action would not be barred until November 1969 and that the complaint filed in this cause in April 1968 was timely. Plaintiff cites New York Times Co. v. Conner, 5 Cir.1961, 291 F.2d 492 for the proposition that “accrue” means “becoming complete so that the aggrieved party can begin and prosecute such action.” However, suit could have been brought by Julie Gasparro by a “next friend” before she was adopted. FRCP 1.210(b), 30 F.S.A., states:
“ * * * If an infant or incompetent person does not have a duly appointed representative, he may sue by his next friend or by a guardian ad litem. (Emphasis added.)
Plaintiff seems to interpret that rule as requiring that a “next friend” be appointed by the court and suggests that a cause of action will not accrue until such appointment is made because until that time the infant cannot begin his action. But Florida law does not require that a next friend be “appointed” before he can act.
Plaintiff cites two Florida cases, Berger v. Jackson, 1945, 156 Fla. 251, 23 So.2d 265 and Matthews v. Matthews, Fla.App.1965, 177 So.2d 497, which hold that where a right of action accrues after the death of the person entitled to sue, the limitation period will not begin to run until there is an administrator of the estate. Plaintiff finds an analogy between those cases and this one; however, a legal distinction between the two situations is clear. Until an administrator is appointed there is no one authorized to sue; whereas, the infant’s cause of action at its inception is and, thereafter, remains in the infant. As in the present case, an infant, through a next friend, is at all times authorized to sue, even though no next friend comes forth and initiates such a suit on behalf of the infant.
We conclude that the plaintiff’s cause of action accrued when the injury was inflicted upon the plaintiff, i. e., the date of the accident, 3 March 1964, and not when the plaintiff was adopted.
As to whether the plaintiff’s disability of infancy operated to toll or suspend the running of the Statute of Limitations 51 Am.Jur.2d, Limitation of Actions § 138 (1970) states:
“While most courts give recognition to certain implied exceptions arising from necessity, it is now conceded that they will not, as a general rule, read into statutes of limitation an exception which has not been embodied therein, however reasonable such exception may seem and even though the exception would be an equitable one. The modern rule of construction in this respect is that unless some ground can be found in the statute for restraining or enlarging the meaning of its general words, it must receive a general construction, and the courts cannot arbitrarily subtract therefrom or add thereto. Undoubtedly a hardship will result in many cases under this rule, but the court may construe only the clear words of the statute, and if its scope is to be enlarged, the remedy should be legislative rather than judicial * * * »
A study of Chapter 95, F.S. reveals neither express nor implied terms which would by reason of infancy toll the running of the particular period of limitation here involved.
The court-made exception to the statute sought by the appellant and supported by the dissenting opinion cannot be claimed to rest on necessity. The minor here involved was adopted by the plaintiff approximately twenty-one months after the accident; therefore, the infant and the adoptive parent had approximately twenty-seven months thereafter within which to file the action in compliance with the statute. Our facts are thus distinguishable from the airplane-crash-in-the-jungle situation posited by the dissent. Were we to adopt the proposed exception, it would be solely for the purpose of relieving the hardship caused by the application of the statute of limitations to the minor’s claim. Such a hardship, however, is always present *906 where rights are terminated by the statute of limitations. If we are authorized to relieve against it here, we are authorized to repeal the entire legislative enactment whenever we see fit. To state the proposition reveals its invalidity.
There is one Florida case clearly dealing with the disability of infancy as it relates to the statute of limitations in a personal injury action. In Slaughter v. Tyler, 1936, 126 Fla. 515, 171 So. 320, the Florida Supreme Court held that a minor’s malpractice action against a physician and surgeon was barred by the statute of limitations where not instituted within the appropriate period because, as to such an action, the statute of limitations was not tolled by reason of the plaintiff’s minority. Plaintiff claims that the present case is distinguishable in that in Slaughter v. Tyler, supra, the parents were alive, but here the plaintiff was parentless. Such distinction does not seem to us to require a different result because the maintenance of the action is not dependent upon the existence of parents.
Plaintiff has cited Lineberry v. Town of Mebane, 1941, 219 N.C. 257, 13 S.E.2d 429. That case is not applicable because there the court applied a common law rule which in Florida has been superceded by a comprehensive statutory scheme. The plaintiff also cites Suttle v. Marble Produce Co., 1934, 140 Kan. 13, 34 P.2d 116 and Murphy v. Village of Ft. Edward, 1915, 213 N.Y. 397, 107 N.E. 716, but these two cases stand for the proposition that early infancy excused compliance with a requirement that a notice of claim against a municipality be filed within a designated time. These cases of course deal with non-claim statutes which are distinct from the limitation act here involved.
For the foregoing reasons, we conclude that the trial judge did not err in granting a final judgment on the pleadings in favor of the defendant.
OWEN, J., concurs.
WALDEN, J., dissents, with opinion.