SCHWARTZ, Chief Judge
(dissenting).
In my judgment, the panel decision— which essentially holds that, uniquely in the case of a tort committed against a minor, the statute of limitations runs only when someone else, namely her parents, becomes or should have become aware of its commission — is directly contrary to Velazquez v. Metropolitan Dade County, 442 So.2d 1036 (Fla. 3d DCA 1983). In that case we held, in accordance with Slaughter v. Tyler, 126 Fla. 515, 171 So. 320 (1936), and Sec. 95.051(2), Fla.Stat. (1981)[1] that the statute is not subject to a special tolling doctrine merely because a child is involved.
Since a three-judge panel is not authorized to depart from a prior panel opinion, In re Rule 9.331, 416 So.2d 1127, 1128 (Fla.1982), I think that determination of this case by the court en banc is required. And since, in turn, district courts of appeal are bound by controlling expressions of the supreme court and the legislature, I would affirm the judgment below.
BARKDULL and DANIEL S. PEARSON, JJ., concur.

. No disability or other reason shall toll the running of any statute of limitations except those specified in this section, s. 95.091, the Florida Probate Code, or the Florida Guardianship Law.